**In re Charles S. WILSON, Debtor.**

**RELIANCE INSURANCE COMPANY, Plaintiff,**

v.

**Charles S. WILSON, Defendant.**

**Bankruptcy No. 90–43581–293. Adv. No. 90–4324–293.**

United States Bankruptcy Court, E.D. Missouri, E.D.

May 30, 1991.

Luann A. Polito, St. Louis, Mo., for plaintiff.

Jane M. Carriker, Clayton, Mo., for debtor and defendant.

Gerald A. Rimmel, Clayton, Mo., trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### INTRODUCTION

The Debtor, Charles S. Wilson, filed his voluntary Chapter 7 case on July 31, 1990. On October 29, 1990, the last day for filing complaints to deny discharge, the Plaintiff Reliance Insurance Company (Reliance) filed this adversary complaint seeking to deny the debtor a discharge of a particular debt pursuant to 11 U.S.C. § 523. The parties agreed that testimony was not necessary and the case could be submitted on a Joint Stipulation Of Facts and briefs. The Stipulation, along with supporting documents, was filed on February 8, 1991 and the initial briefs were submitted on February 15, 1991, followed by reply briefs on February 22, 1991.

### FINDINGS OF FACT

Based on the Joint Stipulation Of Facts and the documents attached thereto, the Court makes the following findings of fact:

1. On October 24, 1984, Charles S. Wilson, Jr., was appointed Guardian of the person and Conservator of the Estate of Birdie Beal Anderson, his maternal grandmother, Estate No: 3-84-1436PG in the Circuit Court of the City of St. Louis, Probate Division. Mrs. Anderson (Birdie) was found to be totally incapacitated and disabled by reason of Alzheimer's disease. Birdie B. Anderson died on September 26, 1987.

2. As the Fiduciary for the Estate of Birdie Beal Anderson, Charles S. Wilson was required to obtain a bond in the sum of Ten Thousand Dollars ($10,000.00).

3. Charles S. Wilson, Jr. did in fact obtain a bond on October 29, 1984 from Reliance in the amount of Ten Thousand Dollars ($10,000.00) in his capacity as the Fiduciary and Conservator of the Estate of Birdie Beal Anderson. On November 1, 1984 the Probate Court approved said bond and granted Letters of Guardianship and Conservatorship.

4. On January 30, 1989, the Circuit Court for the City of St. Louis, Probate Division, issued an Order to Show Cause to Charles S. Wilson, Jr., as Guardian and Conservator of the Estate of Birdie Beal Anderson, to show cause why he should not be removed for failure to perform his official duties, specifically for making unauthorized withdrawals and failing to correct the settlement deficiencies in connection with the settlement filed April 5, 1988.

5. On May 1, 1989, Charles S. Wilson, Jr., was removed as the Fiduciary and Conservator for the Estate of Birdie Beal Anderson due to his failure to perform his official duties.

6. On May 31, 1989, the Circuit Court for the City of St. Louis, Probate Division issued an Order to Charles S. Wilson, Jr. as Fiduciary and Conservator of the Estate of Birdie Beal Anderson as well as Reliance,

as his Surety, to Show Cause why those two parties should not be surcharged for the failure of Charles S. Wilson, Jr. to faithfully perform his fiduciary duties.

7. On August 31, 1989, the Circuit Court for the City of St. Louis, Probate Division, entered an Order of Surcharge against Charles S. Wilson, Jr. as Former Fiduciary and Conservator of the Estate of Birdie Beal Anderson and Reliance as his Surety. No evidence was heard; however, a memorandum of agreement was executed, filed, and approved by the court as a surcharge by consent. The Court made a finding based upon admissions made that said Charles S. Wilson, Jr. was indebted to the Estate of Birdie Beal Anderson. Judge O'Shea entered an Order of Surcharge in the amount of $9,725.28. On the motion of the surety, Reliance Insurance Company, judgment was granted over and against the Debtor Charles S. Wilson, Jr. and in favor of Reliance Insurance Company in the sum of $11,225.28 with ten percent (10%) interest thereon from the date of Surety's satisfaction of judgment in favor of the estate.

8. On November 17, 1989, Reliance, Surety for Charles S. Wilson, Jr. in his capacity as the Former Fiduciary of the Estate of Birdie Beal Anderson, satisfied the surcharge entered by the Court in the amount of $9,725.28 by its draft number 37241001 and obtained judgment against Charles S. Wilson, Jr. in the amount of $11,225.28 with ten percent (10%) interest thereon from the date of Surety's satisfaction of judgment.

9. On August 31, 1989, the Debtor signed the Second Amended Settlement To Revocation. In this document he explained that Birdie B. Anderson was the majority shareholder of the A.L. Beal Funeral Homes, Inc., as well as the individual who controlled the management and operation of the corporation prior to the appointment of the guardianship. The other shareholders were Vera Wilson, Birdie's daughter, the debtor's deceased mother, his sister and himself. Birdie conducted the business and affairs of the corporation on a personal rather than a corporate basis. She intermingled assets, including money, to the point where she and the corporation were indistinguishable. In March 1983 Birdie conveyed the primary property of the corporation to herself without making payment for the property, nor receiving authorization from the Board of Directors. The Debtor petitioned the Probate Court to convey this property back to the corporation in April 1986, but the conveyance was not completed until 1988. Birdie also intermingled the proceeds from prepaid burial contracts with her own funds and on other occasions paid corporate employees with her personal checks. In May 1986, the IRS instituted foreclosure proceedings against the corporation for unpaid taxes. The Debtor prevented a shutdown of the corporation by loaning or advancing his own funds in the amount of $11,000. He obtained this sum by selling his residence. In 1983, he had borrowed $60,000 by using his residence as collateral and then advanced those funds to the corporation. The corporation on April 10, 1987 issued a note to the Debtor in the amount of $71,000. In June 1986 the Debtor again advanced funds to the corporation in the amount of $19,294.

11. In the Second Amended Settlement To Revocation the Debtor stated: "Throughout the time I served as Birdie B. Anderson's Guardian and Conservator I put a great deal of effort, energy and personal funds into A.L. Beal, which was, in actuality, Birdie B. Anderson's business, in an attempt to assure its survival and viability."

12. During his tenure as Fiduciary and Conservator of the Estate of Birdie Beal Anderson, Charles S. Wilson, Jr. did use funds received in the form of social security checks on behalf of Birdie Beal Anderson to satisfy debts of A.L. Beal Funeral Home, without any court authorization to do so.

## CONCLUSIONS OF LAW

The Plaintiff seeks to deny Charles S. Wilson, Jr. a discharge of the judgment it obtained against the debtor in the amount of $11,225.28, plus ten percent interest, pursuant to 11 U.S.C. § 523(a)(4), which provides:

§ 523. Exceptions to discharge

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt-

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

Paragraph 8 of the plaintiff's complaint alleges that: "Charles S. Wilson ... did fraudulently, willfully and maliciously convert ... funds to his own use ..." The defendant relies on this paragraph to assert that the plaintiff's complaint should be dismissed since Reliance failed to meet its burden to prove the necessary elements of fraudulent, willful and malicious conduct on the part of the defendant. There is no merit to this argument since the Plaintiff is actually proceeding against the Debtor for "defalcation while acting in a fiduciary capacity" under § 523(a)(4), which does not require the proof of fraudulent, willful and malicious conduct. The terms fraud and defalcation are compared at 4 *Collier Bankruptcy Practice Guide* ¶ 76.07(1) (1989):

"The term "fraud" clearly means positive fraud, fraud in fact, involving moral turpitude or intentional wrong. The term "defalcation," however, is construed to include liability arising through negligence, mistake or innocent default. The fiduciary is held to objective standards even though laboring under subjective limitations, and he is chargeable with knowledge of the rules which forbid him to make certain expenditures even though he did not know of them." [1]

Thus as discussed in *In re Byrd*, 15 B.R. 154, 156 (Bankr.E.D.Va.1981), when a liability is created by defalcation the Court needs only to consider two questions to determine whether the debt Wilson owes Reliance is nondischargeable. First, it must determine whether the debts arose while Wilson was acting in a fiduciary capacity. A statute or other state law rule may create fiduciary status which is cognizable in bankruptcy proceedings. *In re Long*, 774 F.2d 875, 878 (8th Cir.1985). Second, if Wilson was acting in a fiduciary capacity, the Court must determine wheth-

er the debts occurred by fraud, defalcation, embezzlement, or misappropriation. If the debts were incurred as a result of defalcation it isn't necessary to consider whether the debtor's conduct was fraudulent, willful and malicious. Liability for defalcation can arise out of conduct which is based on simple negligence, mistake, or innocent default of one's duties. *See, In re Holman*, 42 B.R. 848, 850 (Bankr.E.D.Mo.1984).

■ In the instant case the parties have stipulated that Wilson was acting in a fiduciary capacity. In fact, he was appointed guardian of his grandmother Birdie Beal Anderson and conservator of her estate, by the St. Louis Circuit Court, Probate Division. Under Missouri Statutes a fiduciary "includes executor, administrator, guardian, conservator, and trustee;" RSMo 472.-010(13). The Joint Stipulation and supporting documents indicate that the judgment that was rendered against the Debtor and in favor of Reliance was based on defalcation. The Probate Court had found that Wilson had made unauthorized withdrawals from his grandmother's estate and such conduct is defalcation within the meaning of 11 U.S.C. § 523(a)(4). *In re Holman*, 42 B.R. at 850. The fact that Wilson's efforts to save his grandmother's funeral business may have been innocent and well intended is irrelevant.

Accordingly, Reliance is entitled to recover, as a nondischargeable debt under 11 U.S.C. § 523(a)(4), its judgment against the Debtor in the amount of $11,225.28, with ten percent interest thereon from November 17, 1989, the date Reliance satisfied the judgment.

An Order consistent with this memorandum Opinion will be entered this date.

---

1. See *Central Hanover Bank & Trust Co. v.* *Herbst*, 93 F.2d 510 (2d Cir.1937).