**In re Rickey L. REED, Sr., Debtor.**

**Joseph C. HASH, Jr., Administrator of the Estate of Brenda L. Brunty and Ohio Casualty Insurance, Co., Plaintiffs,**

v.

**Rickey L. REED, Sr., Defendant.**

**Bankruptcy No. 3–92–00775.**
**Adversary Proceeding 3–92–191.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 18, 1993.

Randall W. May, Sidney, OH, for plaintiffs.

DeWayne Smith, Troy, OH, for defendant/debtor.

## DECISION ON ORDER GRANTING SUMMARY JUDGMENT TO THE ESTATE OF BRENDA L. BRUNTY AND DENYING SUMMARY JUDGMENT MOTION OF OHIO CASUALTY INSURANCE, CO.

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is plaintiffs' motion for summary judgment pursuant to Fed. R.Civ.P. 56. The court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I)—determinations as to the dischargeability of particular debts.

### FACTS

The pleadings, admissions [1] and exhibits to plaintiffs' motion for summary judgment establish the following facts:

1) On December 4, 1990, Rickey Lee Reed, Sr. (defendant/debtor) was appointed administrator of the probate estate of

---

1. Defendant has not filed an answer or objection to the plaintiffs' request for admissions, and, therefore, all matters contained in the request for admissions are deemed admitted pursuant to Fed.R.Civ.P. 36(a).

Brenda Lee Brunty in Jackson County, West Virginia (Doc. # 16, Exh. B);

2) Plaintiff Ohio Casualty Insurance, Co., issued a fiduciary's bond in the amount of $50,000 in order to guarantee the proper performance of the debtor's fiduciary duties (Doc. # 16, Exh. C);

3) During the course of the administration of Brenda Brunty's estate, the debtor "received, or otherwise obtained, a check from the [Michigan] Bureau of Workers' Compensation" in the "approximate amount of $25,000" (Doc. # 16, Exh. A).[2] The check was for a compensable injury sustained by Brenda L. Brunty;

4) "Defendant received payment on, deposited, or otherwise presented for payment the check received from the Michigan Bureau of Workers' Compensation at Bank One, Sidney," but none of the proceeds were "paid, transferred, or otherwise turned over to the estate of Brenda L. Brunty" (Doc. # 16, Exh. A);

5) Debtor filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on February 14, 1992;

6) Debtor included in his bankruptcy petition and asked to be discharged from certain debts of the estate of which he was a fiduciary, namely:

| | | |
|---|---|---|
| a. | Evans Funeral Home | $5,549.10 |
| b. | Forest Lawn Cemetery, Inc. | 915.00 |
| c. | Goodwin and Goodwin | 175.00 |
| d. | Hash and Bedford | 429.00 |
| e. | O.J. Morrison | 178.00 |

(Doc. # 1 and # 4);

7) Debtor also listed Ohio Casualty in his bankruptcy schedules as a creditor.

In response to plaintiffs' motion for summary judgment, the debtor filed an affidavit[3] in which he states, in part, that:

—he did not benefit from the settlement of the workers' compensation case;

—the debtor's attorney told him that the funds were actually those of Rickey Reed, Jr. (the heir of Brenda L. Brunty), that the funds could be paid directly to Rickey Reed, Jr., and the funds were paid to Rickey Reed, Jr;

—the debtor was not told that the funds were to be paid through the estate of Brenda L. Brunty.

### CONCLUSIONS OF LAW

Ohio Casualty and the estate of Brenda L. Brunty request the court to find that the debtor's obligations to them are nondischargeable under § 523(a)(4) of the Bankruptcy Code.

Initially the court notes that there appears to be some confusion among the parties as to which debts are under consideration for nondischargeability. Whether the separate obligations to Evans Funeral Home, Forest Lawn Cemetery, Inc., etc., are dischargeable (or even whether they are actual obligations of the debtor as an individual) is not at issue in this adversary proceeding. Generally, "only a party to whom a debt is owed under the Bankruptcy Code has standing to challenge the dischargeability of that debt." *McMillen v. Jarmul (In re Jarmul)*, 150 B.R. 134, 138–139 (Bankr.W.D.Pa.1993). The obligations at issue are those *owed* by the debtor *to* the *plaintiffs* for failure to properly disburse estate funds. However, the separate obligations to Evans Funeral Home, etc., are relevant in arriving at the amount of any debt owed by the debtor to the plaintiffs.[4]

Section 523(a)(4) of the Bankruptcy Code provides that an individual debtor will not be granted a discharge from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Although plaintiffs' motion for summary

---

**2.** Plaintiffs' memorandum of law indicates that the $25,000 was reduced by attorney fees so that the actual check given to the debtor was in the amount of $20,561.04.

**3.** The affidavit was mistakenly filed by the defendant in his bankruptcy estate file rather than the adversary proceeding and appears as Doc. # 19 in his estate file.

**4.** Plaintiffs do not appear to maintain that the entire amount of the workers' compensation check was misappropriated. Rather, the court understands that it is only the amounts due by the estate to creditors of the estate that is asserted to have been misapplied by the debtor.

judgment refers to fraud, the bulk of the motion is aimed at the allegations of "defalcation":

> "Defalcation" is defined as encompassing embezzlement, the "misappropriation of trust funds held in any fiduciary capacity," and the "failure to properly account for such funds." *Capitol Indemnity Corp. v. Interstate Agency, Inc. (In re Interstate Agency, Inc.)*, 760 F.2d 121, 125 (6th Cir.1985) (quoting Black's Law Dictionary, 375 (5th ed. 1979)).

> While defalcation, in the context of Section 523(a)(4), does not always lend itself to a precise definition, it is clear that it is more encompassing than either "embezzlement" or "misappropriation." *Anderson v. Currin (In re Currin)*, 55 B.R. 928, 934 (Bankr.D.Colo.1985).

█ The facts in this case clearly establish that the debtor, as administrator of the estate of Brenda L. Brunty, was acting in a fiduciary capacity. Equally clear is the conclusion that the debtor's failure to turn over property of the Brunty estate to the estate was a failure to perform his duties as an estate administrator and a failure to properly account for estate funds. Unless otherwise excused, the debtor's conduct constituted a defalcation.

█ The debtor's first defense is that he did not personally benefit from the incorrect disbursement of the workers' compensation check. However, a finding of defalcation may be found even though the debtor derived no personal gain therefrom. *American Metals Corp. v. Cowley (In re Cowley)*, 35 B.R. 526, 529 (Bankr.D.Kan. 1983). Section 523(a)(4) is concerned with the act of failing to properly deal with entrusted property and not with the identity of the improper recipient of that property.

█ The remainder of the debtor's defenses is concerned with the debtor's lack of knowledge of his legal duties as a fiduciary and his intent in disbursing the workers' compensation check. In this circuit, however, an objective test of defalcation has been adopted, and neither ignorance of the law nor a particular subjective mental state is relevant:

> Exceptions to the general rule of discharge exist for certain types of "bad acts." ... Although the "badness" of fraud, embezzlement or misappropriation is readily apparent, creating a debt by breaching a fiduciary duty is a sufficiently bad act to invoke the section 17(a)(4) [predecessor to 11 U.S.C. § 523(a)(4)] exception even without a subjective mental state evidencing intent to breach a known fiduciary duty or bad faith in doing so. This is because the requisite "badness," to conform with the spirit of the bankruptcy laws, is supplied by an individual's special legal status with respect to another, with its attendant duties and high standards of dealing, and the act of breach of these duties.

> ....

> [W]e conclude that a bankrupt is chargeable with knowledge of the law. The character of the liability imposed upon a fiduciary for appropriating property held by him in trust is the same whether he has actual knowledge that the law imposes the duty or is merely charged with such knowledge.... [S]ubjective intent to violate a known fiduciary duty or bad faith is irrelevant. *Carlisle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249, 256–257 (6th Cir. 1982).[5]

█ There is one remaining problem. In order to obtain a summary judgment, the facts must demonstrate "that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Although it is clear that the estate of Brenda L. Brunty is entitled to judgment for the misapplication of the estate's funds, at this juncture there are insufficient facts in the record to adjudge the rights of Ohio Casualty. Nothing has been presented to the court to demonstrate the basis for Ohio Casualty's entitlement to a claim against the debtor or a determination of discharge-

---

**5.** *In re Johnson* does provide an exception to its objective standard for defalcation in the cases of "mere negligence or a mistake of fact." However, nothing in the record of the instant case provides evidence of mere negligence or a mistake of fact.

ability of such claim. In other words, does Ohio Casualty's claim arise by contract with the debtor, by a right to reimbursement or contribution, by subrogation to the rights of other creditors or assignment from such creditors, or by some statutory or equitable remedy? Until Ohio Casualty furnishes the court with additional facts (e.g., the amount paid by it, copies of contracts or assignments, etc.) and any relevant West Virginia statute or decisional law, this court is unable to determine the bankruptcy rights of Ohio Casualty.

For the foregoing reasons, it is hereby ORDERED that the summary judgment motion of the estate of Brenda L. Brunty is GRANTED and the debt of Rickey Reed, Sr., to the estate of Brenda L. Brunty is declared nondischargeable in the amount of $7,246.10. It is further ORDERED that the summary judgment motion of Ohio Casualty Insurance Co. is DENIED.