**James ABRAMOWITZ, D.D.S., Appellee,**

v.

**Toni PALMER, Appellant.**

**No. 91–3851.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1993.

Decided July 29, 1993.

Rehearing Denied Aug. 27, 1993.

---

**1.** We deny Earle Industries' motion to supplement the record on appeal or, in the alternative, to remand to the Board.

Craig Alden Smith, Springfield, MO, argued, for appellant.

Timothy J. Sear, Kansas City, MO, argued (Timothy J. Sear and Thomas M. Franklin, on the brief), for appellee.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Toni Palmer appeals the district court's[1] order affirming the decision of the bankruptcy court,[2] which held Toni Palmer and her husband, Dr. Ken Palmer, jointly and severally liable for a $175,201 judgment in favor of Dr. James Abramowitz. The bankruptcy court also found that because the Palmers' residence had been purchased in part with funds they obtained fraudulently from Dr. Abramowitz, the Palmers held the house in constructive trust for Dr. Abramowitz. Toni Palmer appeals on the sole ground that the bankruptcy court lacked jurisdiction over the adversary claims Dr. Abramowitz brought against her. We affirm.

## I.

In 1988, Dr. Ken Palmer sold his dental practice to Dr. Abramowitz for $150,000. Dr. Palmer and his wife, Toni Palmer, who had been Dr. Palmer's office manager, moved to Missouri and used $27,500 of the proceeds from the sale of the practice to purchase a home. The Palmers held title to the Missouri home as tenants by the entirety.

After taking over the newly purchased practice, Dr. Abramowitz discovered irregularities in the financial and patient records. Upon closer examination, he began to suspect that Dr. Palmer had overcharged patients for services, imposed multiple charges for single procedures, and overdiagnosed patients' conditions in order to justify specialized, and more costly, procedures. On March 16, 1989, Dr. Abramowitz filed a lawsuit against Dr. Palmer in Colorado state court, alleging breach of contract and fraud in the sale of the dental practice.

Before the state court action went to trial, Dr. Palmer filed a Chapter 7 bankruptcy petition in Missouri. Toni Palmer did not join in the petition. Dr. Abramowitz then filed a four-count adversary proceeding against both Dr. and Toni Palmer. In Count I, Dr. Abramowitz incorporated his state court complaint and specifically sought judgment against both defendants for fraud. Dr. Abramowitz also sought a declaration that the debt underlying any judgment he was awarded was nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (4), and (6) and requested that any assets purchased with proceeds from the sale of the dental practice be considered held in constructive trust for him. The bankruptcy court dismissed with prejudice Counts II, III, and IV, which included

---

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

2. The Honorable Karen M. See, United States Bankruptcy Judge for the Western District of Missouri.

allegations of fraud and conspiracy and a request for punitive damages. No party appeals the dismissal of these three counts.

After trial, the bankruptcy court entered judgment against both Dr. and Ms. Palmer on the fraud claim, finding that the debt established by the judgment for the fraud was nondischargeable and that the Palmers held the Missouri home in constructive trust for Dr. Abramowitz. Both of the Palmers appealed the judgment to the district court. Toni Palmer asserted that when the bankruptcy court dismissed Count II of the adversary complaint, which alleged fraud on the part of Ms. Palmer, it dismissed with prejudice the only claim for money damages Dr. Abramowitz asserted against her. Ms. Palmer argued that the bankruptcy court therefore lacked jurisdiction to enter a money judgment against her. Finding that the remaining Count I included both a claim for money damages and a constructive trust, the district court affirmed the bankruptcy court's order.

On appeal to this court, Toni Palmer has abandoned her previous arguments and asserts for the first time only that the bankruptcy court lacked subject matter jurisdiction over the claims against her. Ms. Palmer contends that any claim against her, a nondebtor, by Dr. Abramowitz was a non-core proceeding unrelated to Dr. Palmer's bankruptcy proceedings and, specifically, that the Missouri home was not within the jurisdiction of the bankruptcy court. Ms. Palmer appeals no other finding by the bankruptcy court and Dr. Palmer filed no appeal at all. Thus the sole issue before this court is one of jurisdiction. On appeal, we review the bankruptcy court's findings of facts under the clearly erroneous standard and its conclusions of law de novo. *In Re Joseph Herman Hale,* 980 F.2d 1176, 1178 (8th Cir.1992) (citations omitted).

## II.

■ We first must determine whether the bankruptcy court had subject matter jurisdiction over the claims brought against Dr. Palmer in the adversary proceeding. If the bankruptcy court lacked jurisdiction over the claims against the debtor, the claims against

Toni Palmer would be outside the jurisdiction of the bankruptcy court as well. Dr. Abramowitz's claims against Dr. Palmer, however, amounted to a core proceeding. *See* 28 U.S.C. § 157(b)(2); *see also In re Cassidy Land and Cattle Co., Inc.,* 836 F.2d 1130, 1132 (8th Cir.) ("The statute does not define core proceedings; however, 28 U.S.C. § 157(b)(2) does provide a nonexclusive list of proceedings designated as 'core'...."), *cert. denied,* 486 U.S. 1033, 108 S.Ct. 2016, 100 L.Ed.2d 603 (1988). Dr. Abramowitz filed an adversary proceeding specifically to determine the dischargeability of the debt resulting from the sale of the dental practice that Dr. Palmer allegedly owed him. *See* 28 U.S.C. § 157(b)(2)(I) ("Core proceedings include ... (I) determinations as to the dischargeability of particular debts). In addition, he was able to trace a portion of the money he lost from the sale directly to the down-payment Dr. Palmer gave for the Missouri home. *See In re Johnson,* 960 F.2d 396, 402 (4th Cir.1992) ("The finding of a constructive trust by the bankruptcy court and a determination of the proper distribution of that trust are intimately tied to the traditional bankruptcy functions and estate, and, therefore, are core matters within the clear jurisdiction of the bankruptcy court."). This adversary proceeding falls squarely within the bankruptcy court's statutory grant of jurisdiction. *See* 28 U.S.C. § 157(b)(2)(I); 28 U.S.C. § 1334; *see also In the Matter of Nelson Grant Hallahan,* 936 F.2d 1496, 1504 (7th Cir.1991).

■ Ms. Palmer asserts, however, that because the bankruptcy trustee failed to object to the exemption of the home from the bankruptcy proceedings the home effectively "fell out" of the estate. We agree. In *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Supreme Court held that failure to object to a debtor's claim of exemption within the 30–day time limit prescribed by Bankruptcy Rule 4003(b) precludes trustees and creditors from challenging the exemption of that property after the 30 days have expired. In this case, Dr. Palmer claimed the Missouri home as exempt and thus it did not remain part of the bankruptcy estate for distribution as neither the

trustee nor any creditor filed an objection. We agree that the trustee is now precluded from including the Missouri home in Dr. Palmer's bankruptcy estate.

■ Ms. Palmer next argues that if the home is not an asset of Dr. Palmer's bankruptcy estate, any claim regarding the home is outside the bankruptcy court's jurisdiction. We disagree. The jurisdiction of the federal bankruptcy courts is governed by 28 U.S.C. §§ 157 and 1334. Pursuant to this statutory authority, the bankruptcy courts, upon delegation from the district courts, have jurisdiction of all cases filed pursuant to the bankruptcy code as well as "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334; 28 U.S.C. § 157(a) (authorization for district courts to refer to the bankruptcy judges any or all bankruptcy cases and any or all related proceedings). In addition, the bankruptcy court's jurisdiction includes all property of the debtor and of the bankruptcy estate. Specifically, section 1334(d) provides:

> The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

28 U.S.C. § 1334(d). Dr. Palmer, the debtor, held legal title to the Missouri home at the time he filed for bankruptcy under title 11. The fact that the home was exempt does not divest the bankruptcy court of jurisdiction over it. *See In re Jackson,* 102 B.R. 82 (Bkrtcy.N.D.Tex.1988) (bankruptcy court has jurisdiction to determine validity of lien on exempt homestead); *In re Gibbs,* 44 B.R. 475 (Bkrtcy.D.Minn.1984) (same); *cf. Merchants & Farmers Bank of Dumas, Ark. v. Hill,* 122 B.R. 539, 547 (E.D.Ark.1990) (one of the purposes of § 1334(d) was to establish both in personam and in rem jurisdiction) (citation omitted). We hold that the bankruptcy court had subject matter jurisdiction over the entire adversary proceeding Dr. Abramowitz filed against Dr. Palmer, including the Missouri home. As a result, we must now address whether the bankruptcy court properly exercised subject matter jurisdiction over Toni Palmer.

## III.

### A. "Related to" Jurisdiction

Civil proceedings in a bankruptcy case are divided into two categories: (1) core proceedings and (2) non-core, related proceedings. The claims brought against Toni Palmer are not core proceedings, *see* 28 U.S.C. § 157(b)(2); *In re Marine Iron & Shipbuilding Co.,* 104 B.R. 976, 980 (D.Minn.1989) ("In general, a core proceeding is a legal dispute between parties in interest to a bankruptcy case, one of whom is almost always the debtor."), and neither party contends that they are. Therefore, if the bankruptcy court properly exercised subject matter jurisdiction over the claims against Toni Palmer, the basis for that jurisdiction was that the claims were "related to" the bankruptcy case filed by Toni Palmer's husband, Dr. Palmer.

■ The bankruptcy code does not define "related to" jurisdiction. This court, however, has stated that in order for the bankruptcy court to assume "related to" jurisdiction the proceeding at issue must " 'have some effect on the administration of the debtor's estate.' " *In re Dogpatch,* 810 F.2d 782, 786 (8th Cir.1987). To determine whether a proceeding is "related to" a bankruptcy case, we have adopted what has been framed as the "conceivable effect" test:

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action ... and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* at 786 (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)); *see also In re Titan Energy, Inc.,* 837 F.2d 325 (8th Cir. 1988).

The conceivable effect test implements a fairly broad interpretation of the scope of a bankruptcy court's "related to" jurisdiction, and several other courts have also adopted this test or a variation of it. *See, e.g., In re*

*Cuyahoga Equipment Corp.,* 980 F.2d 110, 114 (2d Cir.1992); *Matter of Lemco Gypsum, Inc.,* 910 F.2d 784, 787 (11th Cir.1990); *In re Wood,* 825 F.2d 90 (5th Cir.1987); *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988); *In re Xonics,* 813 F.2d 127 (7th Cir.1987); *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 1002 n. 11 (4th Cir.), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *In re Salem Mortgage Co.,* 783 F.2d 626, 633 (6th Cir.1986). Indeed, in enacting the bankruptcy code, Congress intended to reduce the time and expense that accompanies litigation brought simply to determine a bankruptcy court's jurisdiction over a particular proceeding. *Fietz,* 852 F.2d at 457 (citing H.Rep. No. 595, 95th Cong., 2d Sess., 43–48, *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 5963, 6004–08). Bankruptcy courts are to be an efficient means of disposing of a debtor's entire bankruptcy estate, *see Salem Mortgage,* 783 F.2d at 632–34, and any "interpretation of ['related to' jurisdiction] must ... avoid the inefficiencies of piecemeal adjudication and promote judicial economy by aiding in the efficient and expeditious resolution of all matters connected to the debtor's estate." *Lemco Gypsum,* 910 F.2d at 787 (citations omitted). The question before this court, therefore, is whether the bankruptcy court's entry of the constructive trust judgment against Toni Palmer's interest in the Missouri home and the money damages judgment against Toni Palmer personally was within the bankruptcy court's "related to jurisdiction."

## B. The Missouri Home

■ The bankruptcy court found that Dr. Abramowitz had adequately traced $27,500 of the money he paid for Dr. Palmer's dental practice to the money Dr. Palmer used to purchase the Missouri home. As a result, the bankruptcy court then concluded that Toni Palmer and her husband held the Missouri home in constructive trust for Dr. Abramowitz. Ms. Palmer does not challenge these particular findings. Rather, Toni Palmer asserts that the bankruptcy court lacked jurisdiction to adjudicate her interest in the Missouri home in the first instance. We disagree.

Dr. Abramowitz brought the adversary proceeding to determine whether the debt Dr. Palmer allegedly owed him was dischargeable in bankruptcy. As such, this core proceeding could not have existed outside the parameters of the bankruptcy code. *See Cuyahoga Equipment,* 980 F.2d at 114 (claims brought under §§ 502 and 506(c) of the bankruptcy code "relate to the ... bankruptcy action because they cannot exist outside the sphere of federal bankruptcy law"). Toni Palmer claimed an interest in property purchased with a portion of the proceeds of the allegedly fraudulent transaction, i.e., the Missouri home. Without a determination of Ms. Palmer's interest in the home, the bankruptcy court could not fully and fairly adjudicate the rights and liabilities of the debtor. Missouri's nonbankruptcy law precludes a creditor from levying upon property held by the entirety when only one of the entirety interest holders is a debtor. *In re Garner,* 952 F.2d 232, 234–35 n. 1 (8th Cir.1991) (citation omitted). Rather, "under Missouri law, for a creditor to reach tenancy by the entirety property, the spouses must have jointly acted to burden the property." *Id.* at 235. If Dr. Palmer were found to have acted alone in the fraudulent sale of the dental practice to Dr. Abramowitz, Missouri state law would have precluded Dr. Abramowitz from levying on any property he held as a tenant by the entirety. By including a determination of Toni Palmer's fraud liability, the bankruptcy court was able to decide whether or not the Missouri home was subject to levy in satisfaction of Dr. Palmer's debt to Dr. Abramowitz. We conclude, therefore, that the bankruptcy court had jurisdiction to adjudicate Toni Palmer's interest in the Missouri home as a proceeding related to Dr. Palmer's bankruptcy case.

## C. Money Damages

Toni Palmer also asserts that the bankruptcy court lacked jurisdiction to determine Dr. Abramowitz's fraud claim for money damages against her. She argues that the fraud claim for money damages cannot be treated as a "related to" proceeding. We disagree.

Dr. Abramowitz sought to have the debt arising from the sale of the dental practice be declared a nondischargeable debt of Dr. Palmer. In doing so, he added Toni Palmer as a party, alleging that Dr. and Ms. Palmer acted together to defraud him and thus were jointly and severally liable for resulting damages. In resolving the constructive trust issue, however, the bankruptcy court determined that Toni Palmer was liable to Dr. Abramowitz as a joint participant with Dr. Palmer in the fraud. Because we already have found that the bankruptcy court had jurisdiction [in deciding the constructive trust] to determine her liability for fraud, the question becomes whether the bankruptcy court acted outside its jurisdiction in determining money damages and entering judgment against Toni Palmer on the fraud claim.

■ We find that the bankruptcy court acted within its related to jurisdiction. The bankruptcy court's entry of a money judgment against Toni Palmer on the fraud claim was "not far removed" from the determination of her liability for fraud for the purposes of the constructive trust. *See Johnson,* 960 F.2d at 402–03 (in finding bankruptcy court had related to jurisdiction to determine the identity of beneficiaries of a constructive trust the court noted the issue was "not far removed" from finding the existence of a constructive trust which bankruptcy court had jurisdiction over). The small step the bankruptcy court took between determining Toni Palmer's liability for fraud and entering a money judgment against Toni Palmer as a result of that fraud was a logical exercise of related to jurisdiction given the unusual factual record in this case.

A contrary conclusion—that the bankruptcy court lacked related to jurisdiction to as-

sess damages for the fraud it found—would essentially be a conclusion that a bankruptcy court could have jurisdiction to determine liability on a related to claim while at the same time not having jurisdiction to enter a money damage judgment predicated upon that liability. We find nothing in the statutes authorizing bankruptcy jurisdiction or the case law interpreting those statutes which supports such a fractured construction of a bankruptcy court's related to jurisdiction. We conclude, therefore, that the fraud claim against Toni Palmer was related to the bankruptcy case and that the bankruptcy court was not in error in entering a money judgment against her on that claim.[3]

### IV.

In general, a bankruptcy court may enter final orders only in core proceedings. The jurisdictional grant provides as follows:

> In ["otherwise related"] proceeding[s], the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). The bankruptcy court may, however, enter a final judgment in a non-core, related proceeding if the parties consent. *See In re G.S.F. Corp.,* 938 F.2d 1467, 1476 (1st Cir.1991) (citing 28 U.S.C. § 157(c)(2)). If the parties validly expressed their consent, the bankruptcy court properly issued a final judgment with respect to the non-core, related proceedings filed against Toni Palmer.

---

**3.** Furthermore, while judicial economy *alone* cannot support a finding of federal jurisdiction, *Matter of Lemco Gypsum,* 910 F.2d 784 (citing *Pacor,* 743 F.2d at 994), we also find it relevant that Dr. Abramowitz alleged that Dr. and Ms. Palmer acted jointly in the fraudulent sale of the dental practice and that the legal and factual issues involved in resolving the claims are interrelated. *See, e.g., Johnson,* 960 F.2d at 403 (determination of beneficiaries of a constructive trust is "inextricably entwined" with a finding of a constructive trust is relevant in a "related to" jurisdiction determination); *Wood,* 825 F.2d at

94 (when joint conduct of debtor and non-debtors is in issue that is relevant for determining whether "related to" jurisdiction exists); *In re Opti–Gage,* 128 B.R. 189 (Bkrtcy.S.D.Ohio 1991) (bankruptcy court "reads *Salem Mortgage* [Sixth Circuit case interpreting 'related to' jurisdiction] as supporting a finding that proceedings are 'related to' bankruptcy cases not only where the outcome of the proceeding may conceivably have an effect upon the estate being administered, but also where parties are sufficiently intertwined with the debtor").

Implied consent is sufficient to grant the bankruptcy court authority to enter a final judgment. *Id.* at 1477 (citation omitted); *In re Daniels–Head & Associates,* 819 F.2d 914, 918–19 (9th Cir.1987) (citations omitted). At no time did either party object to the bankruptcy court's entering a final judgment, *see Daniels–Head,* 819 F.2d at 919 ("failure to object to the bankruptcy court's jurisdiction constitutes consent to that jurisdiction"), and Ms. Palmer failed to appeal on this ground as well. Both Ms. Palmer and Dr. Abramowitz appear to have been eager to resolve the claims as quickly and efficiently as possible. Accordingly, we hold that the parties consented to the bankruptcy court's issuing a final order in the non-core, related proceedings against Toni Palmer.

## V.

We hold that the bankruptcy court properly exercised its jurisdiction to determine the competing rights in the Missouri home and Toni Palmer's liability for fraud, as the claims against Toni Palmer comprised proceedings "related to" the bankruptcy case. We also hold that the parties consented to the bankruptcy court's issuing a final judgment in the disputed proceedings. Accordingly, we affirm.