**In re Sylvia J. KONDORA, Debtor.**

**Jodie DUTTON, John Mally and Jacolyn Mally, Plaintiffs,**

v.

**Sylvia J. KONDORA, Defendant,**

**Steven Kondora, Intervenor.**

**Bankruptcy No. 95–10588KC.**
**Adv. No. 95–1105KC.**

United States Bankruptcy Court, N.D. Iowa.

April 10, 1996.

---

Henry E. Nathanson, Cedar Rapids, IA, for Plaintiffs.

Michael L. Mollman, Cedar Rapids, IA, for Defendant.

Steven E. Howes, Cedar Rapids, IA, for Intervenor.

### *ORDER*

PAUL J. KILBURG, Bankruptcy Judge.

The above-captioned matter came on for trial on February 27, 1996 on Plaintiffs' Complaint Objecting to Discharge of Debtor. Plaintiffs Jodie Dutton, John Mally and Jacolyn Mally were represented by attorney Henry Nathanson. Debtor/Defendant Sylvia J. Kondora appeared with her attorney, Michael Mollman. Intervenor Steven Kondora appeared with his attorney, Steven Howes. After presentation of evidence and arguments of counsel, the Court took the matter under advisement.

The Court set a deadline of April 1, 1996 for the parties to depose Attorney Roger Deffner. That deadline has now passed and a transcript of the deposition has been filed. Therefore, this matter is ready for resolution.

### *STATEMENT OF FACTS*

Plaintiffs assert that their claims are non-dischargeable under § 523(a)(4) as arising from Debtor's fraud or defalcation while acting in a fiduciary capacity. The complaint also requests denial of discharge under § 727(a). Plaintiffs filed a Motion to Withdraw Objection to Discharge on March 5, 1996. Plaintiffs have provided notice of the Motion to all creditors. The bar date for objections has now passed without objection. The Court finds the Motion should be granted. Thus, the § 727(a) count is no longer before the Court for determination.

Debtor's ex-husband, Steven Kondora, filed a Petition for Intervention. He asserts that funds which Plaintiffs garnished from a bank account which had been a joint marital asset should be returned to him.

Plaintiffs are adopted half-siblings of Debtor. Debtor petitioned for appointment as the personal representative for the Wisconsin probate estate of her brother, Norman Mally, after he died from injuries arising from an automobile accident. Norman Mally had no surviving spouse or children. Both of his parents, George Mally, Sr. and Joanna Mally, predeceased him. George and Joanna Mally had five children: decedent Norman Mally, Debtor Sylvia Kondora, George Mally, Albert Mally and Teresa Mally. George Mally, Sr. also adopted the three children of his second wife, Laural Mally: Jodie Dutton, John Mally and Jacolyn Mally, Plaintiffs herein.

Debtor listed only George, Albert, Teresa and herself as brothers and sisters of Norman Mally in the Proof of Heirship form she filed in Norman Mally's estate on February 11, 1994. She settled the wrongful death claim of the estate for $20,000 on February 22, 1994 and distributed the net proceeds, after deduction of expenses in the probate estate, to herself and these three listed siblings. On May 23, 1994, each of the three Plaintiffs herein filed a timely Claim in Probate asserting entitlement to a share of the estate proceeds.

On February 3, 1995, these three Plaintiffs received judgments in Linn County, Iowa Small Claims Court based on these facts, after a trial before District Associate Judge Nancy Baumgartner. The Small Claims Judgment, attached to each of Plaintiff's claims in Debtor's bankruptcy estate, concludes that each of the adopted half-siblings should share equally in the probate estate with each of the natural siblings. The judgment granted each Plaintiff a one-seventh share in the estate, or $2,153.43, plus interest.

Debtor asserts that she excluded Plaintiffs from the Proof of Heirship and from distribution of the probate proceeds on the advice of her attorney in Wisconsin, Roger Deffner. She testified that Mr. Deffner told her that since their father, George Mally, Sr., was dead, Plaintiffs had no interest in the estate. Debtor also testified in her small claims action that Attorney Deffner advised her that her father's adopted children would not inherit any money from Norman Mally's estate under Wisconsin law.

In a deposition conducted March 28, 1996, Attorney Roger Deffner, testified that he had never talked to Debtor personally. He refuted Debtor's assertion that he had advised her not to list Plaintiffs as Norman Mally's siblings. Mr. Deffner stated that his only conversation regarding the estate was with Debtor's ex-husband, Steven Kondora, who informed him that Norman's siblings were the four which were listed in the Proof of Heirship. Attorney Deffner stated that he did not know Norman had siblings who were adopted. He testified that had he known, he would have advised Debtor that adopted siblings are treated the same as natural siblings for inheritance purposes. Shirley Krueger, a paralegal in Attorney Deffner's office, testified by deposition that she received no information regarding adopted siblings from Debtor or Steven Kondora.

After receiving their small claims judgments in February 1995, Plaintiffs garnished $2,346.09 held in a bank account at Hawkeye Bank of Cedar Rapids. The account was held in Debtor's name jointly with her ex-husband, Steven Kondora. The marriage of Debtor and Steven Kondora was apparently dissolved in Linn County, Iowa in August 1993. Mr. Kondora asserts that he received the bank account in question as part of the dissolution property settlement. He testified that, due to oversight, Debtor's name was not removed from the account prior to the garnishment proceedings in March 1995.

Mr. Kondora testified that all funds garnished from the account belonged solely to him. He stated that, although Debtor did not generally have direct access to the account, it became convenient for her to write checks on the account when he was out of town. Also, he would deposit her funds in the account and write checks for her. He admitted that Debtor deposited some of the money from the Norman Mally estate in the account, although he did not know the exact amount. In late February, 1994, Debtor received a distribution of approximately $3,600 from the personal injury settlement in the Norman Mally estate. The record does not contain a bank statement covering that period of time.

Debtor's answer to the Complaint states that the assets contained in the Hawkeye Bank account "belonged to her ex-husband, Steven Kondora, and at no time did she provide any consideration for this account and that as a result of an oversight her name remained on the account after the dissolution was finalized." Debtor testified that she had not had access to the checkbook since the dissolution was final. Neither party produced copies of the dissolution papers or an accounting of the funds in the account at the time of the garnishment. Exhibits 6 and 7 admitted at the trial are copies of bank statements for this account. Exhibit 6 shows a withdrawal of $2,346.09 on 3–31–95 which the Court presumes to be the garnishment. Exhibit 7 establishes that the balance in the account prior to that withdrawal was $2,351.09.

### *JURISDICTION*

■ According to the Scheduling Order filed August 15, 1995, the parties herein stipulate that this is a core proceeding pursuant to 28 U.S.C. § 157. It has long been settled that subject matter jurisdiction cannot be waived by the parties, conferred by consent or ignored by the court. *Babcock & Wilcox Co. v. Parsons Corp.,* 430 F.2d 531, 540 (8th Cir.1970); *In re Paso Del Norte Oil Co.,* 755 F.2d 421, 425 (5th Cir.1985) (applying principle in Chapter 11 case) (citing *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 167, 60 S.Ct. 153, 154, 84 L.Ed. 167 (1939)). Jurisdiction cannot be conferred by agreement. *In re Spencer,* 168 B.R. 142, 145 (Bankr.N.D.Tex.1994).

■ Bankruptcy courts, through reference from district courts, have subject mat-

ter jurisdiction over civil proceedings which are either (1) core proceedings or (2) non-core, related proceedings. *Abramowitz v. Palmer,* 999 F.2d 1274, 1277 (8th Cir.1993); 28 U.S.C. § 157(a). There is no doubt that Plaintiffs' assertion of nondischargeability under § 523(a)(4) falls squarely within the Court's statutory grant of jurisdiction and is a core proceeding. *Abramowitz,* 999 F.2d at 1276; 28 U.S.C. § 157(b)(2)(I). Jurisdiction over Steve Kondora's claim as intervenor, however, is more problematic.

■ Bankruptcy courts have subject matter jurisdiction over disputes relating to alleged property of the bankruptcy estate. *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990). They lack jurisdiction, however, over controversies between third-party creditors which do not involve the debtor or property of the debtor or of the estate. *Id.* Proceedings concerning property of the estate are core proceedings if they affect the liquidation of assets of the estate or adjust the debtor-creditor relationship. *In re Grell,* 83 B.R. 652, 657 (Bankr.D.Minn.1988); 28 U.S.C. § 157(b)(2)(O).

■ The Court also has subject matter jurisdiction over proceedings which are "related to" a bankruptcy case. *Abramowitz,* 999 F.2d at 1277. A proceeding is "related to" a case if

the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action ... and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* (citations omitted). In related proceedings, the bankruptcy judge submits proposed findings of fact and conclusions of law to the district court unless the parties consent to entry of a final judgment. *Id.* at 1279; 28 U.S.C. § 157(c).

In *Abramowitz,* the bankruptcy court was called upon to adjudicate the interest of the debtor's wife in the couple's home. *Id.* at 1278. The Eighth Circuit found that without determining the wife's interest, the court could not fully adjudicate the rights and liabilities of the debtor. *Id.* It held that the Bankruptcy Court had "related to" jurisdiction to determine the interest of debtor's wife in joint property. *Id.* It further found that the court had the implied consent of the parties to enter a final order under § 157(c)(2). *Id.* at 1279.

■ The Court concludes that it has subject matter jurisdiction over both Plaintiffs' dischargeability proceeding and Steven Kondora's petition for intervention. Plaintiffs' claim under § 523(a)(4) is a core proceeding. Steven Kondora's request for relief can also be classified as a core proceeding as it requires a determination regarding rights in property which is allegedly property of the estate, i.e. the bank account at Hawkeye Bank in the names of both Debtor and Steven Kondora. Even if it could be concluded that this is not a core proceeding, it is related to Debtor's bankruptcy case. The Court must adjudicate Mr. Kondora's property interest in the bank account in order to fully adjudicate Debtor's rights and liabilities vis-à-vis Plaintiffs.

■ The Court further concludes that the parties have at least impliedly consented to this Court entering a final order on this matter under 28 U.S.C. § 157(c) by their stipulation that these are core proceedings. *See In re Moorhous,* 180 B.R. 138, 147 (Bankr.E.D.Va.1995) (treating admission by the parties of "core" status as consent under 28 U.S.C. § 157(c)(2) to the entry of final order in "related to" proceeding). Therefore, this ruling constitutes a final order determining all issues presented, subject, of course, to the right of any party to appeal to the U.S. District Court under 28 U.S.C. § 158(a).

### CONCLUSIONS OF LAW

■ Plaintiffs have the burden to prove the elements of their claim under 11 U.S.C. § 523 by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). Exceptions to discharge must be "narrowly construed against the creditor and liberally construed against the debtor. These consid-

erations, however, 'are applicable only to honest debtors.'" *In re Van Horne,* 823 F.2d 1285, 1287 (8th Cir.1987). On the issue of the ownership of the bank account, Intervenor Steven Kondora has the burden of proof. An intervenor who claims superiority to garnishment funds shoulders the burden to establish priority to the funds. *Padzensky v. Kinzenbaw,* 343 N.W.2d 467, 469 (Iowa 1984).

## DEFALCATION IN FIDUCIARY CAPACITY

Under § 523(a)(4), a debt for "defalcation while acting in a fiduciary capacity" is excepted from discharge. Two issues are presented in a challenge to dischargeability under § 523(a)(4): (1) whether the debtor was acting in a fiduciary capacity and (2) whether defalcation occurred. *In re Wilson,* 127 B.R. 440, 443 (Bankr.E.D.Mo.1991). This Court has considered these questions in examining dischargeability where a debtor was acting as administrator for an Iowa intestate probate estate in *In re Ellis,* Adv. L88–0119W, slip op. at 1 (Bankr.N.D.Iowa May 1, 1989) (Melloy, J.). Following legal principles set out in *In re Long,* 774 F.2d 875, 878 (8th Cir.1985) and *In re Smith,* 72 B.R. 61, 62–63 (N.D.Iowa 1987), the Court held that the debtor, acting as an administrator in probate in Iowa, was "acting in a fiduciary capacity" under § 523(a)(4). *Ellis,* slip op. at 6.

The term "fiduciary" in that section applies only to trustees of express or technical trusts. *Long,* 774 F.2d at 878. Courts look to nonbankruptcy law to determine if such a trust exists. *Smith,* 72 B.R. at 62. In Wisconsin, although executors or administrators of probate estates are technically not trustees, they are fiduciaries and many fiduciary duties and responsibilities of trustees are applicable to them. *In re Estate of Kugler,* 117 Wis.2d 314, 344 N.W.2d 160, 164 (Wis.1984). The Wisconsin Supreme Court has recognized that a personal representative in probate owes fiduciary duties to creditors as well as to beneficiaries of the estate. *In re Estate of Lecic,* 104 Wis.2d 592, 312 N.W.2d 773, 782 (Wis.1981).

A bankruptcy court applying Wisconsin law has held that a debtor's failure to account for funds as personal representative of a Wisconsin probate estate constituted defalcation while acting as a fiduciary. *In re Gramza,* 13 B.R. 733, 735 (Bankr.E.D.Wis. 1981). Bankruptcy courts in other jurisdictions have reached similar conclusions. *In re Misiaszek,* 162 B.R. 80 (Bankr.D.N.H.1993) (holding that as co-trustee of a decedent's estate, debtor was clearly a fiduciary); *In re Reed,* 155 B.R. 169, 172 (Bankr.S.D.Ohio 1993) (stating that debtor acting as administrator in probate estate in West Virginia was clearly acting in a fiduciary capacity); *In re Wilson,* 127 B.R. 440, 443 (Bankr.E.D.Mo. 1991) (finding that debtor who was fiduciary of grandmother's conservatorship and probate estate was "acting in a fiduciary capacity"). This Court concludes that Debtor was "acting in a fiduciary capacity" within § 523(a)(4) while acting as personal representative in Norman Mally's Wisconsin probate estate.

The second issue requires the Court to determine whether Debtor's actions constitute defalcation. Defalcation is evaluated by an objective standard. *Ellis,* slip op. at 6. It is construed broadly and does not necessarily involve misconduct. *Smith,* 72 B.R. at 63. " 'Negligence or ignorance may be defalcation.' No element of intent or bad faith need be shown." *Id.* (citations omitted). Under the objective standard, neither ignorance of the law nor subjective mental state is relevant. *Reed,* 155 B.R. at 172.

The Court concludes that Debtor's failure to give Plaintiffs their share of the distribution in Norman Mally's probate estate constitutes defalcation while acting in a fiduciary capacity under § 523(a)(4). Debtor, as personal representative of Norman's estate, owed a fiduciary duty to Plaintiffs to protect their interests as beneficiaries of the estate. She failed to honor this duty when she failed to list them as siblings on the Proof of Heirship and distribute their portion of the estate to them in accordance with Wisconsin law. While this record contains substantial support for a finding of intentional misconduct, such a conclusion is unnecessary under existing law. Whether the failure

to acknowledge Plaintiffs as beneficiaries of the estate occurred through Debtor's ignorance of the law or intentionally, it constitutes defalcation which excepts Plaintiffs' claims from discharge.

### OWNERSHIP OF GARNISHED FUNDS

■ Mr. Kondora carries the burden of proof in asserting his rights to the funds garnished from the joint bank account. State law governs the resolution of property rights within a bankruptcy proceeding. *Chiu v. Wong,* 16 F.3d 306, 309 (8th Cir.1994). As a substantive matter, the burden of proof is also governed by state law. *In re McLaughlin Farms, Inc.,* 120 B.R. 493, 503 (Bankr. N.D.Iowa 1990).

■ In Iowa, joint bank accounts are presumed to be owned in equal shares by the tenants. *Ackley State Bank v. Thielke,* 920 F.2d 521, 524 (8th Cir.1990); *Anderson v. Iowa Dep't of Human Servs.,* 368 N.W.2d 104, 109 (Iowa 1985). This presumption is rebuttable, but only by clear and convincing evidence. *Anderson,* 368 N.W.2d at 109. During a joint tenancy, each joint tenant is liable to have the tenant's fractional interest taken in satisfaction of the tenant's debts. *Frederick v. Shorman,* 259 Iowa 1050, 147 N.W.2d 478, 484 (Iowa 1966). As a general rule, garnishment is effective only to the extent of the debtor's interest in the property attached and the lien of garnishment does not displace prior equities or rights. *Verschoor v. Miller,* 259 Iowa 170, 143 N.W.2d 385, 389 (Iowa 1966).

■ This Court concludes that Mr. Kondora has failed to prove by clear and convincing evidence that Debtor had no interest in the joint bank account garnished by Plaintiff. The record does not contain a copy of the parties' dissolution decree or stipulation showing that the account was awarded solely to Mr. Kondora, as he asserts. Mr. Kondora has not presented the Court any accounting to show whose funds were deposited and/or withdrawn from the account. In fact, no reliable evidence appears in the record to corroborate Mr. Kondora's assertions. The self-serving testimony of Mr. Kondora and Debtor concerning Debtor's lack of ownership of the funds in the account is completely unsupported and very suspect. The Court concludes that Mr. Kondora was not the sole owner of the funds in the joint bank account.

■ In establishing the extent of Mr. Kondora's interest in the bank account, he is assisted by the presumption that he owns a one-half share. His initial burden to prove his interest is met by the presumption which shifts the burden to Plaintiffs to present clear and convincing evidence to rebut the presumption.

There was $2,351.09 in this account on March 31, 1995. Plaintiffs' garnishment of $2,346.09 took all but $5.00 of the balance in the account. Debtor was solely liable for the debt to Plaintiffs. Only her interest in the joint account could be attached and garnished. Both of the joint owners of the account, Debtor and Mr. Kondora, are presumed to own one-half of the balance in the account. Plaintiffs have not presented clear and convincing evidence to rebut this presumption. Therefore, Plaintiffs could legally receive no more than one-half of the funds in the account through garnishment. Plaintiffs are liable to Mr. Kondora for amounts garnished in excess of one-half of the balance in the account on March 31, 1995. Plaintiffs were entitled to garnish $1,175.54, but, in fact, garnished $2,346.09. Plaintiffs must return the sum of $1,170.55 to Mr. Kondora.

**WHEREFORE,** the claims of Plaintiffs Jodie Dutton, John Mally and Jacolyn Mally are excepted from discharge under 11 U.S.C. § 523(a)(4).

**FURTHER,** Plaintiffs' Motion to Withdraw Objection to Discharge under § 727(a)(5) is GRANTED.

**FURTHER,** Intervenor Steven Kondora's request that funds garnished by Plaintiffs from a joint bank account be released to him is GRANTED IN PART.

**FURTHER,** Plaintiffs are ordered to return to Steven Kondora the amount of $1,170.55 which constitutes his interest in the amount Plaintiffs garnished from the joint account.

**FURTHER,** judgment shall enter accordingly.

**SO ORDERED.**