Walter J. **WOJTKOWSKI,**
**Plaintiff-Respondent,**

v.

**SHELTER INSURANCE COMPANIES,**
et al., **Defendants-Appellants.**

**No. 67016.**

Supreme Court of Missouri,
En Banc.

Dec. 17, 1985.

Rehearing Denied Jan. 15, 1986.

John Singleton, James E. Godfrey, St. Louis, for defendants-appellants.

Richard L. Murray, Clayton, for plaintiff-respondent.

DONNELLY, Judge.

This case was transferred here by this Court from the Missouri Court of Appeals, Eastern District, and we decide it the same as on original appeal. Mo. Const. art. V, § 10. The facts of the case as they appear in the principal opinion written in the Court of Appeals (Carl R. Gaertner, J.) are set forth with minor changes without quotation marks.

Defendant-insurer appeals from a judgment declaring that the plaintiff was insured for liability arising out of a vehicular collision while he was driving an El Camino pickup owned by William Hildebrand.

Plaintiff filed a petition for declaratory judgment alleging that he was involved in an automobile accident in the City of St. Louis for which he had been sued by three individuals. He further alleged that defendant-insurer had issued a policy insuring plaintiff against loss but that defendant-insurer refused to defend him and denied liability because the non-owned automobile he was driving was available for regular use and hence not covered under the policy. He requested the court declare that "plaintiff was covered by the insurance policy" and to order defendant-insurer to defend plaintiff on said lawsuits.

The parties stipulated that the policy was in force and effect on May 22, 1982, the date of the accident. Plaintiff testified at the hearing as well as by deposition. The only other witness, William Hildebrand, testified by deposition.

The automobile liability policy provided that the defendant-insurer would pay on behalf of the insured "all sums which the insured shall become legally obligated to pay as damages caused by an accident and arising out of the * * * use of * * * a non-owned automobile * * *." A non-owned automobile is defined in the policy as "any automobile other than (a) the described automobile, or (b) an automobile owned in whole or in part by, or furnished or available for regular use of, either the named Insured or any resident of the same household."

In the spring of 1982, plaintiff was in the process of remodeling his basement. About a month before the accident, he was

at the restaurant of William Hildebrand, who owned a 1974 El Camino pickup truck. Plaintiff asked if he could borrow the truck to haul building materials. According to plaintiff, Hildebrand agreed that plaintiff could use the truck until he was finished hauling building supplies. Several days after he borrowed the truck, plaintiff called Hildebrand and told him he was interested in buying the truck if he could "scrape together some money."

Plaintiff testified he used the pickup approximately 12 times during the month to haul building materials and to run errands. When it was not in use, the El Camino was parked in his driveway. Plaintiff also owned a 1975 Pontiac Grand Prix and 1978 Oldsmobile Regency. Neither plaintiff's wife nor his children were allowed to use the El Camino.

On May 22, 1982, plaintiff was driving the El Camino on his way from his home in north St. Louis County towards a tavern on North Broadway in the City of St. Louis when the accident occurred. At the time of the accident, plaintiff was "pretty close to finishing up with [the truck] * * *."

According to Hildebrand, one night plaintiff asked to borrow the truck to haul building supplies. Hildebrand agreed because it was taking up space in his driveway. According to Hildebrand he placed no restrictions on its use and no time limit on when the truck should be returned. After plaintiff had the truck a few days, he phoned Hildebrand and said he was interested in buying it, but would like to drive it a little more. Hildebrand stated they talked in general terms of $2,000.00 to $2,500.00 for the truck. A couple of days before the accident, Hildebrand signed the title for the El Camino and mailed it to plaintiff. The title was not notarized and was received by plaintiff in the mail a couple of days after the accident. Ultimately Hildebrand turned the title to the El Camino over to an auto body shop.

The trial judge filed findings of fact and conclusions of law. The court found that at the time of the accident plaintiff was driving the El Camino owned by William Hildebrand with his consent; that the vehicle was used to haul building materials needed for the remodeling of his basement on approximately 12 separate occasions. The court further found that after plaintiff had the vehicle for a few days, he called Mr. Hildebrand and discussed the possibility of purchasing the vehicle sometime in the future. No definite price was set and no money ever changed hands. Despite the isolated use of the El Camino for his own personal transportation, all other occasions were limited to the specific purpose of hauling materials or running related errands.

The trial court in its conclusions of law stated plaintiff was not the owner of the El Camino on May 22, 1982, and that as plaintiff's use of the car was for a limited purpose and for a finite period, until his basement was completed, the non-owned automobile clause of the insurance policy applied and provided coverage. The court entered judgment for plaintiff and awarded plaintiff attorney's fees in the amount of $2,160.00.

The court of appeals reversed.

■ The scope of review in this case was stated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976): the decree or judgment of the trial court will be sustained (1) unless there is no substantial evidence to support it; or (2) unless it is against the weight of the evidence; or (3) unless it erroneously declares the law; or (4) unless it erroneously applies the law.

On this appeal, (1) and (3), above, are not in issue. And the parties agree that the following statement of law from *State Farm Mutual Automobile Insurance Company v. Western Casualty and Surety Company*, 477 S.W.2d 421, 424 (Mo. banc 1972) controls:

"In deciding whether a non-owned automobile has been furnished or available for frequent or regular use, * * * each case should be decided on its own facts, and the court should take into consideration the type and length of use, the purpose for which the non-owned auto-

mobile was furnished, and any other pertinent facts, including a determination of whether the use and purpose was in harmony with or violative of the objective of the 'non-owned automobile' clause."

Therefore, the sole question on this appeal involves the weight of the evidence and how we address it on appeal of a court-tried civil case.

In *Murphy,* this Court abrogated *de novo* review and held that an appellate court may set aside a decree or judgment as against the weight of the evidence only when there is "a firm belief that the decree or judgment is wrong." Reasonable minds could differ as to whether on the basis of the evidence adduced the El Camino was a non-owned automobile under the policy of insurance. In this situation where "[t]he evidence is conflicting * * * [w]e * * * defer to the findings and conclusion of the trial court." *Murphy,* 536 S.W.2d, at 32.

The judgment is affirmed.

HIGGINS, C.J., and BILLINGS, BLACKMAR, ROBERTSON and RENDLEN, JJ., concur.

WELLIVER, J., dissents.