In re LaGene Leo JENNINGS and Kitty Ann Jennings, Debtors.

No. 96–40613.

United States Bankruptcy Court, W.D. Missouri.

March 13, 1997.

Steven C. Block, Boland, McQuain, Block, Dehardt & Rosenbloom, Kansas City, MO, for Movant.

Frank Brown, Kansas City, MO, for Respondent.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

LaGene and Kitty Jennings object to the alleged secured claim of Mary Lou Kennedy. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I find that Ms. Kennedy's claim is a secured claim, which is property of her own bankruptcy estate.

## FACTUAL BACKGROUND

Mr. Jennings borrowed $30,000 from Ms. Kennedy, and both parties signed a "Promissory Note" (the "Note") to that effect on May 4, 1994. At the same time, they executed a "Deed of Trust," (the "Deed") which was recorded by the Recorder of Deeds for Ray County, Missouri on January 17, 1995. Pat F. Newland, a Notary Public, acknowledged both the Note and Deed on the date they were executed. But she affixed her seal only to the Deed.

On September 9, 1994, Ms. Kennedy filed a Chapter 7 bankruptcy case. She failed, however, to list the Note on her schedules as an asset of her bankruptcy estate. David Stover was appointed as the Chapter 7 trustee, Ms. Kennedy received a discharge, and the case was closed without incident until February 29, 1996.

On that date Mr. and Mrs. Jennings filed a Chapter 13 bankruptcy petition. Mr. Jennings listed Ms. Kennedy as a secured creditor on his bankruptcy schedules. He listed a debt to Ms. Kennedy for $30,000 secured by a third Deed of Trust on real property located at 204 East Fifth Street, Lawson, Missouri. His Chapter 13 plan, eventually confirmed on October 22, 1996, provided for payment of Ms. Kennedy's claim outside the plan. After this Court confirmed the plan, Frank Brown, counsel for Mr. Jennings, be-

came aware of Ms. Kennedy's previous bankruptcy case and of the possibility that the Note was property of her bankruptcy estate. He, therefore, filed a motion to amend the plan and an objection to Ms. Kennedy's claim. Mr. Brown makes three arguments: (1) the Note and Deed are void because they were not properly acknowledged; (2) in the event the Note and Deed create a claim, it is not secured; and, (3) whether the debt is secured or unsecured, it rightfully belongs to Ms. Kennedy's bankruptcy estate. I will deal first with whether there is a debt and whether it is secured or unsecured. Since I find there is a debt, I will then determine to whom payments should be made.

## DISCUSSION

### A. THE VALIDITY OF THE NOTE AND DEED

The Note is not well drafted. It does, however, make clear that it is a promissory note, that it is a demand note, and that it is secured by a Deed of Trust:

> FOR VALUE RECEIVED, the undersigned, LaGene Leo Jennings, promises to pay to the order of Marylou Harper Kennedy, a sum equal to forty-nine percent the assessed value at the time of satisfaction of this note, of the property located at 202 East 5th Street, Lawson, Ray County, Missouri, or $30,000.00 with accrued interest of one percent per annum from the date of this note. The principal of this note is payable upon demand, but in no event later than January 18, 1998.

> This note is secured by a Deed of Trust of even date herewith encumbering the real property described above. This note is construed according to the laws of the state of Missouri.[1]

Both Jennings and Kennedy signed this document and Pat Newland purported to notarize it. Ms. Newland signed the document attesting that the Note was subscribed and sworn before her on May 4, 1994, and that her commission expires on August 18, 1996.[2] There is a heading for a seal on the Note, but no seal is present. Debtors' counsel argues that the absence of the seal taints the acknowledgment, and, therefore, the mortgage is not valid. It is undisputed that the Note is a mortgage on property owned by Mr. Jennings, given in exchange for $30,000. A mortgage is either a deed or contract specifying the terms of a pledge.[3] While the form of the acknowledgment on the Note may not be perfect, it is not apparent to me that any acknowledgment was necessary on the Note itself, since the parties do not dispute that Ms. Kennedy did, indeed, loan Mr. Jennings $30,000.

▆▆▆ The Deed, on the other hand, is a written instrument by which land is conveyed.[4] To convey an interest in land in Missouri, the person having the authority to convey the interest must do so by deed, properly acknowledged and recorded.[5] And the deed must be signed by the grantor.[6] It is properly acknowledged if done so by a court having a seal, by a judge, justice, or clerk, or by a notary public.[7] The acknowledgment must also contain language stating that the person who signed the deed is who he or she purports to be.[8] The Deed in this case does not literally comply with the requirements of Missouri law. But the Deed does contain the signatures of both LaGene Jennings and Marylou Kennedy; it is in writing; it properly describes the property; it was executed in the presence of a notary public whose commission had not expired; and it was "subscribed and sworn to before"

---

1. Proof of Claim of Mary Lou Kennedy, Attachment A.

2. *Id.*

3. Black's Law Dictionary 423 (Bryan Garner ed., 1996).

4. *Id.,* at 172.

5. Mo.Stat.Ann. § 442.020 (1986).

6. *Id.,* at § 442.130 (1986).

7. *Id.,* at § 442:150(1).

8. *Id.,* at § 442.210.1

the notary public, who then affixed her seal.[9] Furthermore, the Recorder of Deeds for Ray County, Missouri recorded the Deed.[10] Proper acknowledgment of a deed in Missouri requires only that the parties must substantially comply:

> The language of Section 442.210 ... is permissive ... and ... substantial compliance with statutory provisions pertaining to acknowledgment will suffice.[11]

In *Hatcher* the document failed to state the official status of the person who provided the acknowledgment. Nor did the document indicate that the person purporting to take the acknowledgment was authorized to do so. Finally, the person purporting to take the acknowledgment did not attach a seal. These three facts combined caused the court to conclude that the document did not substantially comply with Missouri law.[12] Conversely, an acknowledgment is sound if the omission is merely technical, and the Recorder of Deeds still records the document:

> An objection to the validity of the acknowledgment to a deed attested by the notary as "given under hand," on the ground that the notary failed to fix his seal to the same, will not be sustained where the instrument was admitted to record as duly acknowledged and certified. [*Mitchener v. Holmes*, 117 Mo. 185, 22 S.W. 1070, 1077 (1893) ].

Ultimately, the Court must look to the intention of the parties at the time the documents were executed to determine the nature of the transaction.[13] While the Note is not well drafted, and the language in the acknowledgment of the Deed fails to parrot the requirements of the statute, there is no doubt that Mr. Jennings and Ms. Kennedy intended this transaction to be a loan secured by a Deed of Trust on real property. Moreover, the notary public affixed her seal to the Deed, and it was recorded by the Ray County, Missouri Recorder of Deeds. The rights, therefore, of no third party are at risk here. Thus, I find that the Note and Deed, as executed, acknowledged, and recorded, create a secured claim in the Jennings' bankruptcy. The next question is who owns this claim.

## B. OWNERSHIP OF THE CLAIM

The following facts are undisputed: (1) after executing the Note and Deed, and before any payments were made on the debt, Ms. Kennedy filed a Chapter 7 bankruptcy petition; (2) David Stover was the duly appointed trustee in Ms. Kennedy's bankruptcy case; and (3) Ms. Kennedy received a discharge, and her case was closed. I must determine if this debt, therefore, is now the property of Ms. Kennedy or of her bankruptcy estate.

The filing of the bankruptcy petition creates an estate, and any property owned by the debtor at the time the case is filed becomes property of the bankruptcy estate.[14] The Bankruptcy Code makes no exceptions for property that was not included in the bankruptcy schedules, or for property that was discovered after the case was closed. If the debtor had an interest in property when the petition was filed, and if there are no grounds for exempting the property,[15] it becomes property of the bankruptcy estate. The duly appointed trustee is the representative of this estate.[16] The trustee then distributes all property of the estate in the manner prescribed by the Bankruptcy

---

9. Proof of Claim of Mary Lou Kennedy, Attachment B.

10. *Id.*

11. *Hatcher v. Hall*, 292 S.W.2d 619, 622 (Mo.Ct. App.1956).

12. *Id.*

13. *Abberton v. Stephens*, 747 S.W.2d 334, 336 (Mo.Ct.App.1988); *Bell v. Pelt*, 51 Ark. 433, 11 S.W. 684 (1889).

14. 11 U.S.C. § 541(a)(1).

15. *Id.,* at § 522(b).

16. *Id.,* at § 323(a).

Code.[17] Ms. Kennedy did not inform Mr. Stover that she had a claim against Mr. Jennings at the time she filed her bankruptcy petition, however, the claim was, and remains, property of her bankruptcy estate. I find, therefore, that David Stover, as the representative of Ms. Kennedy's bankruptcy estate, has the right to any payment made by the Jennings on this claim for $30,700, secured by a Deed of Trust on real estate located at 204 East Fifth Street, Lawson, Missouri. In order to distribute this newly discovered property, Mr. Stover will have to reopen Ms. Kennedy's bankruptcy case.

An Order in accordance with this Memorandum Opinion will be entered this date.