In re Kenneth S. POWELL,
D.D.S., P.C., Debtor.

Suzanne S. BAUM, Plaintiff,

v.

Ronald L. ROBERTS, Defendant.

Bankruptcy No. 95–46271–293.
Adversary No. 98–4019–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

May 6, 1998.

Mayer S. Klein, St. Louis, MO, for Suzanne S. Baum.

Christopher P. Cox, Charles D. Sindel, Clayton, OH, for Roberts.

Susan Spraul, St. Louis, MO, for Debtor.

Christopher J. Rausch, St. Louis, MO, for Trustee.

## MEMORANDUM OPINION

DAVID P. MCDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01 of the United States District Court for the Eastern District of Missouri. As explained below, this is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

1. Kenneth S. Powell, Debtor, filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) on October 13, 1995.

2. On January 21, 1998, Plaintiff, Suzanne S. Baum, filed an Adversary Complaint seeking to enforce an alleged agreement to sell her claims against Debtor to Defendant, Ronald Roberts. Specifically, Baum alleged that, from approximately May 27, 1997 through July 21, 1997, she and Roberts negotiated a sale of the $367,166.54 of claims she held against Powell. Baum maintained that Roberts agreed to purchase her claims for $100,000.00. The parties, however, did not memorialize their agreement. Baum alleged that Roberts refused to close their deal on December 5, 1997 and, instead, offered to tender $75,000.00 for the claims.

3. Roberts moved the Court to dismiss Baum's adversary proceeding, arguing that the Court lacks subject matter jurisdiction (Motion 6). In a memorandum he filed in support of his Motion, Roberts argues that Baum's adversary is not a "core" proceeding. Roberts asserts that, as among the "core" proceedings enumerated in 28 U.S.C. 157(b)(2), Baum's proceeding could only qualify as a proceeding "affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." Roberts argues further that because Baum's suit is not inextricably bound to the claims allowance process, or to a right created by the Bankruptcy Code, it is not a "core" matter despite the language in section 157(b) which appears to encompass it. Additionally, Roberts maintains that Baum's adversary proceeding does not fall within the bankruptcy court's "related to" jurisdiction because there is no nexus between it and Powell's bankruptcy case.

4. In response to Robert's Motion, Baum filed a Memorandum in Opposition to Motion to Dismiss in which she suggests, after concluding that her adversary is not within this Court's "core" jurisdiction, that the Court exercise jurisdiction over her adversary complaint because the matters it raises are "related to" Powell's bankruptcy proceedings.

Baum later filed a supplement to her memorandum.

### FACTUAL BACKGROUND

The Court need not make any factual findings to answer the jurisdictional question before it.

### DISCUSSION

■ The jurisdiction of bankruptcy courts is governed by 28 U.S.C. § 1334 (section 1334) and 28 U.S.C. § 157 (section 157). The Eighth Circuit explained the interaction of these statutes in *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). Section 1334 sets forth the district court's subject matter jurisdiction over bankruptcy matters. *Id.* District courts may refer bankruptcy matters to bankruptcy courts pursuant to section 157(a). *Id.* Civil matters in bankruptcy are classified as either "core" or "related to" proceedings. 51 F.3d at 773. If a matter is "core," the bankruptcy court, may hear and determine" it, subject to appeal under 28 U.S.C. § 158. *See* 28 U.S.C. 157(b)(1). On the other hand, if a matter is merely "related to" a bankruptcy case but not "core," the bankruptcy court is limited to hearing the matter and submitting proposed findings of fact and conclusions of law to the district court that the district court may review de novo. *See* 28 U.S.C. § 157(c)(1). Section 157(b)(2) contains a non-exclusive list of matters that are considered to be "core" to a bankruptcy proceeding. *Abramowitz v. Palmer*, 999 F.2d 1274, 1276 (8th Cir.1993) (citing *Cassidy Land and Cattle Co.*, 836 F.2d 1130, 1132 (8th Cir.1988)); *The Foley Company v. Aetna Casualty & Surety Co. (In re S & M Constructors)*, 144 B.R. 855, 858 (Bankr.W.D.Mo.1992).

Section 157(b)(2)(B) classifies the "allowance or disallowance of claims· against the estate ..." as a "core" matter. The Court finds, contrary to the parties' assertions, that resolution of Baum's adversary proceeding is a "core" matter within its jurisdiction. Essentially, Baum's adversary proceeding asks the Court to determine whether Baum or Roberts may assert the claims that Baum owned (or still owns) against Powell's bankruptcy estate. In order to either allow or disallow a claim, the Court must know, among other things, who owns the claim.

Therefore, Baum's adversary complaint raises a matter, claim ownership, which is "core" to Debtor's bankruptcy.

■ The Court's conclusion that its jurisdiction to allow or disallow claims includes the power to decide matters ancillary to the claims is supported by *In re Payless Cashways,* 215 B.R. 409, 411 (Bankr.W.D.Mo. 1997). The *Payless Cashways* court found that as part of the classifications of claims it "ha[d] jurisdiction to determine any matter that impacts on the classification of claims." *Id.* at 411.

Viewed in a slightly different way, Baum's adversary complaint raises issues regarding the effectiveness of a purported transfer of a claim after the filing of a proof of that claim in a bankruptcy. Bankruptcy Rule 3001(e)(2) sets forth a process by which the court will recognize the transfer of a claim after proof of a claim has been filed in a case. After a claim is transferred, a transferee is to file evidence of the transfer with the court. Fed. R. Bankr.P. 3001(e)(2). The clerk of the court then notifies the transferor of the alleged transfer and if the transferor does not file an objection to the alleged transfer within twenty days of the mailing (or within an additional time allowed by the court), the court must enter an order substituting the transferee for the transferor. *Id.* Alternatively, if the transferor files a timely objection to the alleged transfer of the claim, the court will hold a hearing and, if it determines that the claim was transferred other than for security, then it must enter an order substituting the transferee for the transferor. *Id.* Bankruptcy Rule 3001(e)(2) presumes that bankruptcy courts possess subject matter jurisdiction over claim transfers made after a proof of claim has been filed.

The Eighth Circuit recently reviewed the Bankruptcy Court for the District of Minnesota's application of B.R. 3001(e). *Viking Assocs., L.L.C. v. Drewes (In re Olson),* 120 F.3d 98 (8th Cir.1997). In *In re Olson,* an entity controlled by the debtor's children, Viking Associates, L.L.C. (Viking), negotiated with the trustee in bankruptcy to purchase the estate's interest in the family's partnership. *Id.* at 99. Unable to negotiate a deal with the trustee, Viking purchased all the claims against the debtor, at an average price of approximately thirteen percent of claim face value, and then moved, with the debtor, for dismissal of the case. *Id.* The Bankruptcy Court for the District of Minnesota allowed the transfer of claims to Viking only up to the purchase price paid for the claims, subordinated the payment of the claims assigned to Viking to the payment of the unassigned claims, and denied the joint motion to dismiss the bankruptcy. *In re Olson,* 191 B.R. 991, 1004 (Bankr.D.Minn. 1996). The Eighth Circuit examined B.R. 3001(e) and concluded that, because no creditor had challenged the transfer of claims to Viking, the bankruptcy court lacked authority to review the transfers of claims under the rule. 120 F.3d at 102. The Circuit Court rejected the bankruptcy court's contention that section 105(a) of the Bankruptcy Code justified its divergence from the terms of B.R. 3001(e). *Id.* At no point did the Eighth Circuit question whether a bankruptcy court had subject matter jurisdiction to review a properly raised challenge to a claim transfer, rather, as noted above, the court faulted the bankruptcy court for reviewing the transfer of claims to Viking in the absence of an objection from a claim transferor.

The Court finds its conclusion that the issue raised by Baum's adversary complaint is a "core" matter is bolstered by a decision from the Bankruptcy Court for the Western District of Missouri. *In re Jennings,* 206 B.R. 954 (Bankr.W.D.Mo.1997). The *In re Jennings* court, without discussing its jurisdiction, decided the ownership of a claim. Factually, *In re Jennings* involved a debtor who, in 1994, had executed a promissory note and deed of trust to a Mrs. Kennedy. 206 B.R. at 955. In 1995, Mrs. Kennedy filed a Chapter 7 bankruptcy, but did not list the promissory note from Jennings as an asset of her estate. *Id.* On the same day Kennedy's bankruptcy was closed, Jennings and his wife filed a Chapter 13 bankruptcy petition and listed Kennedy as a creditor. *Id.* Jennings later discovered that Kennedy had filed bankruptcy and raised three objections to Kennedy's claim. *Id.* Among Jennings's objections were an attack on the validity of the note and deed giving rise to Kennedy's claim,

and also an argument that the claim belonged to Kennedy's estate, not to Kennedy. *Id.* After finding that the note and deed "create[d] a secured claim in the Jennings' bankruptcy," *Id.* at 956–57, the bankruptcy court considered who owned the claim without questioning whether the issue was within its subject matter jurisdiction. *Id.* at 957. Like the *In re Jennings* court, this court believes it has subject matter jurisdiction to determine to whom a claim belongs.

 Alternatively, the Court finds that even if Baum's adversary proceeding does not raise a "core" matter, it is within the Court's "related to" jurisdiction. The Bankruptcy Code does not define "related to," *Abramowitz v. Palmer*, 999 F.2d 1274, 1276 (8th Cir.1993), but the Eighth Circuit has adopted the "conceivable effect" test for determining if a civil proceeding is related to a bankruptcy case. *Specialty Mills, Inc.,* 51 F.3d at 773; *Dogpatch Properties, Inc., v. Dogpatch U.S.A., Inc., (In re Dogpatch U.S.A., Inc.),* 810 F.2d 782, 786 (8th Cir. 1987). Under the "conceivable effect" test, a proceeding is "related to" a bankruptcy case if its outcome "could conceivably have any effect on the estate being administered in bankruptcy .... An action is related to bankruptcy if the outcome could alter the debtor's rights liabilities, options or freedom of action ... and which in any way impacts upon the handling and administration of the bankruptcy estate." 810 F.2d at 786 (quoting *Pacor v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984)). Application of the "conceivable effect" test results in a "fairly broad interpretation of the scope of a bankruptcy court's 'related to' jurisdiction." *Abramowitz,* 999 F.2d at 1277.

The resolution of Baum's adversary proceeding affects the estate in that the Court needs to know who owns the claims so that it may conduct a vote on Debtor's plan of reorganization. If Baum were to vote in favor of Debtor's plan[1] and the a state court later determined that Roberts had purchased Baum's claims, he might believe he was adversely affected by the plan. Roberts might then attempt to collaterally attack Debtor's plan. Such an attack, even if unsuccessful, would increase the cost of administering the estate, delay the reorganization, and add uncertainty to Debtor's rehabilitation. Clearly, the resolution of Baum's adversary can conceivably affect Powell's estate.

---

1. Baum has already voted against Debtor's first proposed plan of reorganization. But the possibility exists that she could vote in favor of an amended plan.