# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 16-6014

_____

In re: AFY, INC., also known as Ainsworth Feed Yards Company, Inc.

*Debtor*

------------------------------

Robert A. Sears, individually and as testamentary trustee under the will of
Redmond Sears, deceased; Korley B. Sears

*Plaintiffs - Appellants*

v.

Rhett R. Sears; Rhett Sears Revocable Trust; Ronald H. Sears; Ronald H. Sears
Trust; Dane Sears

*Defendants - Appellees*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Lincoln

_____

Submitted: July 27, 2017
Filed: August 9, 2017

_____

Before KRESSEL, FEDERMAN and SHODEEN, Bankruptcy Judges.

_____

KRESSEL, Bankruptcy Judge.

Plaintiffs, Robert A. Sears, individually and as the testamentary trustee under the will of Redmond Sears, deceased, and Korley B. Sears, appeal from the bankruptcy court's[1] order granting defendants', Rhett R. Sears, Rhett Sears Revocable Trust, Ronald H. Sears, Ronald H. Sears Trust, and Dane Sears, motion to dismiss the plaintiffs' complaint. For the reasons below, we affirm.

## BACKGROUND

This adversary proceeding is the latest in a series of bankruptcy cases and adversary proceedings in those cases. The individuals in these cases are family members. Rhett, Ron, Robert and Dan Sears are Redmond Sears's sons. Korley Sears is Robert's son. Dane is Ron's son. Redmond Sears owned and operated AFY, Inc., also known as Ainsworth Feed Yards Company, Inc. He transferred all of his interest in AFY to Rhett, Ron, Robert and Dan Sears. On approximately June 20, 2007, AFY and Korley bought back all of Rhett, Ron and Dan's interest in the company in exchange for promissory notes in accordance with their shares. Robert and Korley Sears then became the only two shareholders of AFY. The following are the pertinent histories of the various cases and adversary proceedings.

---

[1] The Honorable Thomas L. Saladino, United States Bankruptcy Judge for the District of Nebraska.

***In re AFY, Inc.*** (Case No. 10-40875)

On March 25, 2010, AFY filed a Chapter 11 petition. Rhett, Ron and Dane filed proofs of claims in the case and also filed a motion to appoint a trustee. Robert and Korley Sears objected to the motion. The bankruptcy court granted the motion and that order was not appealed.

The case was later converted to a chapter 7 case by the trustee. Robert and Korley objected to Rhett, Ron and Dane's proofs of claim because they alleged: (1) the proofs of claim were unenforceable against AFY or its property, (2) AFY did not sign a promissory note and was not obligated to them under the stock sale agreement, (3) the claimants materially breached their implied duties of good faith and fair dealing, and (4) the claimants materially breached the agreement by opposing the efforts of AFY's to effect a chapter 11 plan and by collaborating with the trustee. The bankruptcy court allowed the proofs of claim. Robert and Korley appealed and we affirmed. *Sears v. Sears* (*In re AFY, Inc*), 463 B.R. 483 (BAP 8th Cir. 2012). Robert and Korley appealed our decision to the Eighth Circuit Court of Appeals. The Eighth Circuit dismissed the appeal, holding that Robert and Korley lacked standing to appeal the bankruptcy court's order against AFY. *Sears v. Sears* (*In re AFY, Inc*), 733 F. 3d 791 (8th Cir. 2013).

On January 31, 2014, the chapter 7 trustee filed a motion to approve interim payments to Rhett, Ron and Dane and other unsecured creditors, of $3 million of the $4.5 million held in AFY's estate. The bankruptcy court granted the motion over Robert and Korley's objection but the court delayed the payments to creditors until resolution of Robert and Korley's petition for a writ of certiorari to the Supreme Court. The order was not appealed. The Supreme Court denied the petition for writ of certiorari and the trustee made the authorized distribution to creditors. After selling all of the estate property, the trustee made final distributions to creditors. On August 6, 2015, the trustee filled a final account and certification that the estate had been fully administered. The bankruptcy court closed the case on Aril 26, 2016.

*In re Korley Sears* (Case No. 10-40277)

On February 2, 2010, Korley Sears filed a Chapter 11 petition. His case is still pending. Rhett, Ron and Dane filed proof of claims. Korley objected to the claims based on the same grounds as those asserted in the AFY bankruptcy, but in addition argued that the stock sale agreement was an executory contract that has not been rejected. On August 29, 2014, the bankruptcy court allowed the claims.

Korley appealed this order to the district court (Case No. 14CV3206). On August 25, 2015, the district court affirmed the bankruptcy court's order allowing the claims. *In re Sears*, 536 B.R. 286 (D. Neb. 2015). The debtor appealed this decision to the Eighth Circuit Court of Appeals and on July 18, 2017, the Court of

4

Appeals affirmed the district court. *In re Sears*, No. 15-3352, 2017 WL 3027070, (8th Cir. Jul. 18, 2017).

**Rhett R. Sears, et al., v. Korley Sears** (A.P. 12-04034)

On May 9, 2012, Rhett, Ron and Dane Sears filed an adversary proceeding against Korley Sears objecting to Korley's discharge pursuant to 11 U.S.C. §727(a)(2) and (a)(4). A trial was held on September 25, 2014. On September 26, 2014, the bankruptcy court entered judgment against Korley denying him a discharge. The debtor appealed this order to the district court (Case No. 14CV3219). On September 21, 2015, the district court affirmed the bankruptcy court's order. *Sears v. Sears*, 542 B.R. 463 (D. Neb. 2015). On October 20, 2015, Korley appealed the district court's order to the Eighth Circuit Court of Appeals and on July 18, 2017, the Court of Appeals affirmed the district court. *Sears v. Sears*, No. 15-3417, 2017 WL 3027076, (8th Cir. Jul. 18, 2017).

**In re Robert Sears** (Case No. 10-40275)

On February 2, 2010, Robert Sears also filed a chapter 11 case. His case is still pending.

**Robert A. Sears, et al. v. Rhett R. Sears, et  al.** *(This Litigation)*

On October 17, 2014, Robert A. Sears, Robert A. Sears as a trustee for the will of Redmond Sears and Korley B. Sears filed a complaint against Rhett R. Sears, Rhett R. Sears revocable trust, Ron H. Sears, Ronald H. Sears Trust and Dane R.

Sears, in the district court of Madison County, Nebraska (Case No.14-389J). The plaintiffs alleged the following claims in their complaint: breach of contract, breach of fiduciary duty, restitution, conspiracy and tortuous interference, and abuse of process. The facts alleged to support the causes of action in the complaint are all related to the defendants' alleged wrongful conduct during the AFY bankruptcy case including AFY's liability to the defendants in the stock sale agreement, the defendants' participation in the AFY bankruptcy, the defendants receiving distribution, and the alleged effort of the defendants in making AFY's reorganization impossible. We note that the defendant's actions in the bankruptcy case were largely approved by the bankruptcy court and the bankruptcy court's orders are final.

On November 24, 2014, the defendants removed the state court proceeding to the bankruptcy court in the bankruptcy cases of AFY, Inc.(Case No. 10-40875), Robert Sears (Case No. 10-40275), and Korley Sears (Case No. 10-40277) as adversary proceedings 14-4060, 14-4061, and 14-4062. On December 1, 2014, the defendants filed, in each case, (1) a motion to dismiss the complaint for failure to state claims upon which relief may be granted, (2) a motion for sanctions for liability for excessive costs of counsel, and (3) a motion to consolidate cases 14-4060, 14-4061 and 14-4062.

On December 9, 2014, the plaintiffs filed a "Statement of Intent," asking the court to remand the case to state district court because the proceedings were not core

6

and stating that they did not consent to the entry of final order or judgment by the bankruptcy court.

On December 11, 2014, the bankruptcy court *sua sponte*, pursuant to the permissive abstention doctrine under 28 U.S.C §1334(c)(1) and the equitable remand doctrine under 28 U.S.C. §1452(b), ordered remand to the state court. *Sears v. Sears*, (*In re Robert Sears*), No. BR10-40275, A14-4062, 2014 WL 7014593 (D. Neb. Dec. 11, 2014). In its order the bankruptcy court held that the adversary proceeding was a related proceeding under 28 U.S.C. §1334(b). On the same day, the defendants appealed to the district court.

On September 29, 2015, the district court held that the bankruptcy court may only reach the issue of abstention *sua sponte* if the parties had an advance notice that the court is considering abstention and had an opportunity to be heard. The district court ruled that the bankruptcy court abused its discretion when it remanded the case to state court because it did not afford the defendants an opportunity to be heard. *Robert Sears, et al. v. Rhett Sears, et al*. (*In re Sears*), No. 4:14CV3247, 2015 WL 5793456 at *4 (D. Neb. Sep. 28, 2015). The district court did not reach the merits of the order but said that the defendants "presented convincing argument…as to why [Plaintiffs'] action does not belong in state court." *Id*. at *4. This order was not appealed.

On October 1, 2015, the plaintiffs filed (1) a motion to remand the action to state court under 28 U.S.C. §145-2(b)(4), (2) a motion to abstain from hearing the case pursuant to 28 U.S.C. §1334(c)(1), and (3) a motion to consolidate the proceedings. The plaintiffs argued that the case was not a "core" case because it was a state law issue and required a trial by jury to which the plaintiffs did not consent to the bankruptcy judge hearing the case.

On October 22, 2015, the defendants filed a motion asking the bankruptcy court to stay the proceeding because the resolution of a separate case currently on appeal in the Eighth Circuit Court of Appeals (Case No. 15-3352)[2] involving the merits of the defendants' proof of claims that will have an effect on the rights of the parties and defenses in the current case. The defendants also filed an objection to the plaintiffs' motion to remand the case to state court. The defendants argued that the case was a "core" proceeding under Title 11 because the plaintiffs' complaint makes the same unsuccessful allegations made in this bankruptcy court and other Federal courts in an attempt to collaterally attack the Federal courts' orders.

On November 10, 2015, the court entered an order substantively consolidating adversary proceedings 14-4060, 14-4061 and 14-4062 into a single adversary proceeding under number 14-4060. The bankruptcy court set a hearing date on the

---

[2] The Eighth Circuit ultimately affirmed the bankruptcy court's allowance of these claims. *Supra*.

motion for remand, the motion to abstain filed by the plaintiffs, the objections filed by the defendants, the motion to stay filed by the defendants and the objection filed by the plaintiffs.

On December 3, 2015, the bankruptcy court entered an order denying the plaintiffs' motion for abstention and to remand the action to state court. The bankruptcy court made a determination that there was "arising in" jurisdiction because the causes of actions arose in a case under Title 11. The court also denied the defendants' motion to stay the proceeding. That order was not appealed.

The parties then briefed the motion to dismiss filed by the defendants. The defendants argued that the plaintiffs' complaint should be dismissed because: (1) all of the claims are barred by *res judicata* because they have all been previously litigated in AFY's and Korley's bankruptcy cases, (2) almost all of the claims were barred by the applicable statute of limitation, and (3) all of the claims were barred by the shareholder standing rule. The plaintiffs argued that the court should not grant the motion to dismiss as *res judicata* does not apply because: (1) the plaintiffs did not bring any claim for damages against the defendants in AFY or Korley's bankruptcy cases, (2) AFY's claim order was an in rem order which did not bind anyone, (3) AFY's claim order doesn't have issue preclusive effect, because there are different estates and different parties, and (4) the plaintiffs did not have a  full and fair opportunity to litigate the case in bankruptcy court.

On March 7, 2016, the bankruptcy court granted the defendants' motion to dismiss the complaint. The court held that the plaintiffs' breach of contract claims are legal conclusions based on the assertion that AFY did not owe money to the defendants and the breach was based on the filing of "bogus" proofs of claim in the AFY case. *Sears v. Sears*, (*In re AFY. Inc.*), No. BK10-40875, A14-4060, 2016 WL 869786 at *4, (D. Neb. March 7, 2016). The court held that such claim is barred by *res judicata*. The court also rejected the plaintiffs' argument that the litigation in bankruptcy was "in rem" proceedings which determine a party's entitlement to collect a res, the bankruptcy estate, holding that this position wouldl render bankruptcy proceedings meaningless. *Id*. at 7. The court disagreed with the plaintiff's argument that they didn't have a full and fair opportunity to litigate the claim, noting that their appeal was dismissed because they did not hire an attorney for AFY.

The court also held that the plaintiffs' claim that the defendants owed fiduciary duties to AFY and to its management and should not have filed proof of claim against AFY and should have supported AFY's effort to reorganize, were "unsupported rhetoric without any statements of fact to support a cause of action," and was also similar to the breach of contract claim. *Id*. at 6 The court held that even if "there was a duty owed, it would have been to AFY and not to the plaintiffs. Under the shareholder standing rule, if harm has been directed toward a corporation, then

only the corporation itself has standing to asset a claim." *Id*.at 8). The court held

therefore this cause of action was barred by the shareholder standing rule.

The court held that the rest of the causes of actions for restitution, conspiracy

and tortious interference and abuse of process were all similarly barred because they

are all based on the same set of facts and incorrect premise that AFY is not indebted

to the defendants. On March 18, 2016, the plaintiffs timely filed a notice of appeal.


**Standard of Review**

We review the bankruptcy court's grant of a motion to dismiss *de novo*. *In re*

*Farmland Indus., Inc.*, 408 B.R. 497, 503 (B.A.P. 8th Cir. 2009) (8th Cir. 2011)

(quoting *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir.2008)).

We review the application of the legal principle of *res judicata de novo*. *Ginter v.*

*Alliant Bank (In re Ginter)*, 349 B.R. 193, 196 (B.A.P. 8th Cir. 2006); *Ladd v. Ries*

*(In re Ladd),* 450 F.3d 751, 753 (8th Cir.2006).


**Jurisdiction and Authority**

The plaintiffs concede that the bankruptcy court had jurisdiction over the

proceeding but challenge its authority to dismiss their complaint.

In determining whether a bankruptcy court has the authority to enter a final

order, the first question is whether Congress has granted the court the statutory

authority to do so by designating the matter a core proceeding or a non-core proceeding. *Badami v. Sears* (*In re AFY, Inc.*), 461 B.R. 541, 546 (B.A.P. 8th Circuit). The next questions is whether Congress's grant of this authority to bankruptcy judges under any or all these core subdivisions is violation of Article III. *Id*. In *Stern v. Marshall*, the Supreme Court found that although 28 U.S.C. §157(b)(2)(C) designated as a core proceeding counterclaims by the estate against persons filing claims against the estate, it was unconstitutional for a bankruptcy judge to determine such counterclaims. 131 S. Ct. 2594, 2620 (2011). Such claims are sometimes referred to as "constitutionally noncore."

Proceedings in a bankruptcy case are divided into two categories, core proceedings and non-core, related proceedings. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770 (8th Cir. 1995) (Quoting *Abramowitz v. Palmer*, 999 F.2d 1274, 1277 (8th Cir. 1993)). Core proceedings are those that arise under the bankruptcy code or arise in a bankruptcy case. *In re AFY, Inc.*, 461 B.R. at 546. Non-core proceeding are those that are merely related to a bankruptcy case. *Id*.

Non-core, related proceedings are those which do not invoke a substantive right created by bankruptcy law and could exist outside of a bankruptcy case, although they may be related to a bankruptcy case. *Id*. If a case is not a core proceeding, the bankruptcy judge may still hear the proceeding, but may not determine it. In those cases, the bankruptcy judge must submit proposed findings of

fact and conclusions of law to the district court. 28 U.S.C. §157(c)(1). However, a bankruptcy judge may hear and determine a non-core proceeding with the consent of the parties. 28 U.S.C. §157(c)(2).

### A. *Jurisdiction Over Proceedings Arising in a Case Under Title 11*

Congress granted district courts original but not exclusive jurisdiction of all civil proceedings arising in a case under title 11. 28 U.S.C. §1334(b). Section 1334(b) refers to proceedings "generally intended to cover issue that would have no existence outside of a bankruptcy, but nonetheless are not based on any right expressly created by Title 11." *In re Williams*, 256 B.R. 885, 891 (B.A.P. 8th Cir. 2001) (quoting *In re Menk,* 241 B.R. 896, 909 (B.A.P. 9th Cir. 1999)). "Claims that "arise in" Title 11 are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." *In re Farmland Industries, Inc.,* 567 F.3d 1010, 1018 (8th Cir. 2009)

The plaintiffs' complaint listed alleged wrongful conducts by the defendants during the AFY bankruptcy case including the filing and validity of the defendants' AFY proofs of claims, the appointment of the Chapter 11 trustee, the defendants' request for conversion of the AFY bankruptcy to Chapter 7, and requesting and receiving distributions from the AFY estate. Though the claims appear to be state causes of action and not based on any *right* expressly created by Title 11, these are all claims that would have no existence outside of a bankruptcy case. All of the

purported actions by the defendants occurred during and as part of the bankruptcy case and resulted in orders by the bankruptcy court. The plaintiffs' complaint seeks to revisit those orders. Therefore, the bankruptcy court was correct in concluding it had "arising in" jurisdiction.

### B. *Jurisdiction Over Proceedings Related To a Case Under Title 11*

Congress also granted district courts original but not exclusive jurisdiction of all civil proceedings related to cases under title 11. 28 U.S.C. §1334(b). "Related to" proceedings are "civil proceedings which do not invoke a substantive right created by bankruptcy but nonetheless fall within the jurisdiction of the bankruptcy court because they share a nexus with the bankruptcy case and will have some "conceivable effect" on the administration of the debtor's estate." *In re Williams*, 256 B.R. at 891 (quoting *In re Dogpatch U.S.A., Inc.,* 810 F.2d 782, 786 (8th Cir.1987). A proceeding is "related to" if the "outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy." *Cutcliff v. Reuter*, 791 F.3d 875 (8th Cir. 2015) (quoting *Specialty Mills, Inc. v. Citizens State Bank,* 51 F.3d 770, 774 (8th Cir.1995).) The court in *Cutcliff* held that this broad test is met if the proceeding "could alter the debtor's rights, liabilities, options, or freedom of action ... and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.* (quoting *In re Dogpatch U.S.A.,* 810 F.2d at 786). "Even a proceeding which portends a mere contingent or tangential

14

effect on a debtor's estate meets this broad jurisdictional test." *Id.* (quoting *Buffets, Inc. v. Leischow,* 732 F.3d 889, 894 (8th Cir.2013), *Nat'l Union Fire Ins. Co. of Pittsburgh v. Titan Energy, Inc.* (*In re Titan Energy, Inc.*), 837 F.2d 325, 330 (8th Cir.1988)).

Even if the bankruptcy court did not have "arising in" jurisdiction, it clearly had "related to" jurisdiction. Although the plaintiffs argue that this case does not have any conceivable effect on the AFY estate because that case was administered and closed, we disagree. The plaintiffs are essentially seeking to undo numerous bankruptcy court orders in the AFY bankruptcy case, altering the debtor's liabilities and effectively resulting in a redistribution of the AFY estate.

Additionally, the plaintiffs' claims are collateral attack on federal court orders entered in the AFY bankruptcy. The plaintiffs' complaint asked the state court to undo the administration of the AFY bankruptcy case and effectively redistribute the AFY estate. The outcome of the plaintiffs' case would have an adverse effect on the AFY estate already administered. The bankruptcy court had, at minimum, "related to" jurisdiction over the plaintiffs' complaint.

### c. *Consent of the Parties*

In a "related to" proceeding, when "the bankruptcy court hears such a proceeding, the court is to submit proposed findings of fact and conclusions of law to the district court." *Id,* 28 U.S.C. §157 (c)(1). "[A]ny final order or judgment shall

15

be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected." *Id.*

However, the parties may knowingly and voluntarily consent to adjudication by a bankruptcy court. 28 U.S.C. §157(c)(2); *Wellness Int'l Network, Ltd. V. Sharif*, 135 S. Ct. 1932, 1939 (2015). Neither the Constitution nor the relevant statute, 28 U.S.C. §157, requires that consent to adjudication by a bankruptcy court be express. *Id*. It "states only that a bankruptcy court must obtain the consent of all parties to the proceeding before hearing and determining a non-core claim." *Id*. Implied consent is also sufficient to grant the bankruptcy court authority to enter a final judgment in a "related to" proceeding. *Abramowitz v. Palmer*, 999 F.2d 1274, 1280 (8th Cir. 1993). Failure to object to the bankruptcy court's authority constitutes consent to that jurisdiction. *Id*.

The plaintiffs have consented to the authority of the bankruptcy court because the plaintiffs have waived the challenge by failing to object. Even now the plaintiffs had the opportunity to obtain a *de novo* review of the bankruptcy court's decision by the district court by appealing to the district court. Instead, the plaintiffs appealed to this court.

16

### D. *Jury Trial*

Plaintiffs argue that the bankruptcy court could not enter an order dismissing their complaint because they have asserted a right to jury trial and they did not consent to the bankruptcy court conducting the jury trial pursuant to 28 U.S.C. 157(e). The defendant's right to a jury trial has no bearing on the bankruptcy court's authority to enter a final order on a motion to dismiss. It is the very nature of dismissal that results in the loss of any plaintiffs' right to a jury trial, in any court.

### E. *The Bankruptcy Court's Continuing Jurisdiction*

Plaintiffs argue that the bankruptcy court does not have jurisdiction in this case after the AFY's estate has been administered and the case closed. Closing a case is mainly an administrative function with some substantive consequences. In and of itself, it does not deprive the bankruptcy court of jurisdiction over the case. It is well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders. *In re Williams*, 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001) (quoting *Beneficial Trust Deeds v. Franklin,* 802 F.2d 324, 326 (9th Cir.1986)). The bankruptcy court has continuing jurisdiction to interpret and enforce its own orders many years later. *Travelers Indem. Co. Bailey*, 129 S. Ct. 2195 (2009). Subject matter jurisdiction of bankruptcy court order cannot later be collaterally attacked. *Id*. The bankruptcy court had continuing jurisdiction notwithstanding the closing of the case.

**Motion to Dismiss**

The bankruptcy court granted the defendants' motion to dismiss the plaintiffs' complaint pursuant Federal Rule of Civil Procedure 12(b)(6), made applicable in a bankruptcy case by Federal Rule of Bankruptcy Procedure 7012(b). The court held the claims were barred by *res judicata* because the claims were already resolved in the AFY bankruptcy and in any event were barred by the shareholder standing rule.

**A. *Res Judicata* under Rule 12**

Plaintiffs argue that claim preclusion is not a proper basis for dismissal under Rule 12(b)(6). We disagree. This circuit has recognized that a defense of *res judicata* may be raised in a motion to dismiss when the identity of the two actions can be determined from the face of the petition. *See Potamitis v. Pittsburgh Plate Glass Co.,* 82 F.2d 472, 473 (8th Cir.1936); *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 983 (8th Cir.2008); *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012). "When ruling on a motion to dismiss under Rules 12(b)(6) or 12(c), a district court generally may not consider materials outside the pleadings. However, it may consider… materials that are necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (quoting *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999) (internal quotation omitted).)

***B. Res Judicata***

The binding effect of a former adjudication is often generically referred to as *res judicata. W.A. Lang Co. v. Anderberg-Lund Printing Co. (In re Anderberg-Lund Printing Co.)* 109 F.3d 1343, 1346 (8th Cir. 1997). *Res judicata* can take one of two forms, claim preclusion or issue preclusion. *Id.* "Claim preclusion (traditionally termed *res judicata* or "merger and bar") bars relitigation of the same claim between parties or their privies where a final judgment has been rendered upon the merits by a court of competent jurisdiction." *Id.* (citing *Plough v. West Des Moines Community Sch. Dist.,* 70 F.3d 512, 517 (8th Cir.1995) (internal quotation omitted)). "Issue preclusion (or collateral estoppel) applies to legal or factual issues actually and necessarily determined, with such a determination becoming conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Id.* (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)) (internal quotation omitted). The principles of *res judicata* generally apply to bankruptcy proceedings. *Katchen v. Landy,* 382 U.S. 323, 334, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966).

While the bankruptcy court relied on claim preclusion in dismissing the plaintiffs' complaint, we believe issue preclusion is the more appropriate doctrine. The federal common law of issue preclusion applies because the bankruptcy court considered the preclusive effect of its previous orders. *Covert v. LVNV Funding,*

*LLC*, 779 F.3d 242, 245 (4ᵗʰ Cir. 2015) ("Federal law governs the res judicata effect of earlier bankruptcy proceeding.").

Issue preclusion applies where (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment. *Sandy Lake Band Mississippi Chippewa v. United States*, 714 F.3d 1098, 1102-03 (8th Cir. 2013) (quoting *Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007))

The plaintiffs are seeking to relitigate issues that the bankruptcy court had already determined, explicitly or implicitly, in the AFY bankruptcy case including AFY's liability to the defendants in the stock sale agreement, the defendants' participation in the AFY bankruptcy case, its distribution, and the alleged effort of defendants in making AFY's reorganization impossible. Plaintiffs are barred from challenging the AFY bankruptcy orders. See *Katchen v. Landy*, 382 U.S. 323, 333–34, 86 S. Ct. 467, 475 (1966) ("[A] creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined, and if his claim is rejected, its validity may not be relitigated in another proceeding on the claim.) (quoting

*Wiswall v. Campbell*, 93 U.S. 347, 351(1876); *Sampsell v. ImperialPaper Corp.*, 313 U.S. 215, 218—219, (1941)"; *Siegel v. Federal Home Loan Mortgage Corp.* 143 F.3d 525, 39 C.B.C.2d 1395 (9th Cir. 1998) (The court held uncontested proofs of claim, deemed allowed, were equivalent to a court order of allowance, thereby vesting it with *res judicata* effects as to all matters that could have been tried in the claim allowance process).

The plaintiffs argue that they didn't have a full and fair opportunity to litigate the case in the AFY bankruptcy case because the Eighth Circuit held they did not have a standing to appeal the AFY order. The bankruptcy court was correct in finding that the only reason plaintiffs did not have a standing was because they did not hire an attorney to represent AFY to appeal that decision. In fact, the plaintiffs had numerous opportunities and took advantage of those opportunities to object to these issues and appeal those orders in the AFY and in Korley's bankruptcy.

The plaintiffs' argument that the parties in the AFY case and this action are different is unpersuasive. First of all, this is not entirely true. Much of the litigation in the bankruptcy court resulted from motions made by the defendants and objected to by the plaintiffs. In addition, there is a privity among the parties. A privy is "a person so identified in interest with another that he represents the same legal right." *Mid-City Bank v. Skyline Woods HOA, et al., (In re Skyline Woods Country Club, LLC)*, 431 B.R. 830, 837 (B.A.P. 8th Cir. 2010), aff'd 636 F.3d 467 (8th Cir. 2011).

21

Plaintiff rely on the alleged conducts in the AFY bankruptcy, the alleged loss of their income and stock from AFY, and the stock sale agreement in which AFY is a party and has been the center of the controversy in the AFY bankruptcy. Despite the plaintiffs' effort to exclude AFY as a party in this case, AFY is a necessary party whose legal right they represent. There is  privity between the plaintiffs and AFY.

**C. Shareholder Standing Rule**

Plaintiffs argue that the shareholder standing rule is inapplicable in this case because they are asserting injury to current shareholders by former shareholders and that no claim or right of AFY is implicated. They argue that even if it applies, there is an exception to the rule when there is direct personal injury to the shareholders.

"A corporation is an entity separate and distinct from its stockholders and its separate entity will generally be recognized." *Bankers Life & Cas. Co. v. Kirtley,* 338 F.2d 1006, 1013 (8th Cir.1964). Generally, if harm has been directed toward the corporation, then only the corporation has standing to assert a claim. *Potthoff v. Morin*, 245 F.3d 710, 716 (8th Cir. 2001). In *Brictson v. Woodrough,* "our court adopted this shareholder standing rule and held that [a]ctions to enforce corporate rights or redress injuries to the corporation cannot be maintained by a stockholder in his own name ... even though the injury to the corporation may incidentally result in the depreciation or destruction of the value of the stock." 164 F.2d 107, 109 (8th Cir.1947) (internal quotation omitted) *See also Vanderboom v.*

*Sexton,* 460 F.2d 362, 364 (8th Cir.1972) (Determining that individual stockholders lacked standing to file suit on corporation's behalf). The plaintiffs' causes of action are rooted in the premise that the liquidation of the AFY bankruptcy resulted in the loss of the value to their stock as shareholders. Shareholders cannot recover for legal injuries suffered by the corporation.

The shareholder rule does not apply when the alleged injury by the shareholder is distinct from that suffered by the corporation or other shareholders. *Audio Odyseey, Ltd. v. Brenton First Nat. Bank*, 245 F.3d 721, 729 (8th Cir. 2001). "A 'distinct' injury is one in which the claimant's rights have been violated, not merely one in which the claimant is indirectly harmed because of one party's injury to another." *Id.* The plaintiffs failed to show their injury is distinct from that suffered by AFY. The exception to the rule does not apply. The bankruptcy court did not err in finding the shareholders standing rule prevented the plaintiffs from asserting the claims.

## Conclusion

We find no error in the bankruptcy court's legal conclusions or its decision. Accordingly, we affirm.

_____