# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 18-6017

_____

In re: Michael B. McDonald

*Debtor*

------------------------------

AY McDonald Industries, Inc.

*Plaintiff - Appellant*

v.

Michael B. McDonald

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Northern District of Iowa

_____

Submitted:  August 28, 2018
Filed:  October 3, 2018

_____

Before SALADINO, Chief Judge, NAIL and SANBERG, Bankruptcy Judges.

_____

SANBERG, Bankruptcy Judge.

AY McDonald Industries, Inc. ("AY" or "Appellant"), appeals the April 20, 2018, order of the Bankruptcy Court denying its request for injunctive and declaratory relief. Because we hold that the Bankruptcy Court lacked jurisdiction, we have jurisdiction for the sole purpose of correcting the Bankruptcy Court's error in entertaining the claim for injunctive or declaratory relief. *In re AFY*, 734 F.3d 810, 816 (8th Cir. 2013) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95) (1998)). For the reasons stated below, we vacate the portion of the Bankruptcy Court's decision concerning injunctive and declaratory relief.

## CONCLUSION

We vacate the Bankruptcy Court's ruling as to AY's claim for injunctive and declaratory relief and remand with instructions to dismiss the same.

## BACKGROUND

The facts of this case are not in dispute. Michael B. McDonald ("Debtor" or "Appellee") was formerly a member of the board of directors and an officer of AY, as well as an employee of a subsidiary. Debtor was fired or resigned after it was discovered that he had used his position as senior vice president to misappropriate funds. Debtor agreed to pay restitution to AY by executing a restitution agreement and a promissory note. The restitution agreement required Debtor to liquidate certain property to make payments on the note, which he failed to do. Subsequently, Debtor and AY executed an amendment to the restitution agreement. The amendment required Debtor to sign a power of attorney. Under the power of attorney, the appointed attorney-in-fact would collect distributions Debtor had been receiving from two spendthrift trusts and turn the funds over to AY. In turn under the amendment to the restitution agreement, AY agreed to cease its collection activities as long as Debtor was in compliance.

Debtor filed for Chapter 7 relief on May 10, 2017. On the same day, Debtor signed a document purporting to revoke the power of attorney. Debtor's attorney sent a copy of the purported revocation to AY on May 31, 2017.

AY filed two adversary proceedings[1] requesting the Bankruptcy Court determine that its debt was nondischargeable under 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6). In addition, AY sought injunctive and declaratory relief, asking the Bankruptcy Court declare Debtor's revocation of the power of attorney invalid, enjoin him from attempting to revoke it in the future, and declare that the power of attorney was irrevocable.

After a hearing on summary judgment, the Bankruptcy Court held that the debt to AY was not dischargeable under Section 523(a)(4) due to Debtor's fraud and defalcation while he was a director at AY.

The Bankruptcy Court, however, denied AY's request for injunctive and declaratory relief. The Bankruptcy Court stated that the proper remedy for Debtor's revocation would be a release of AY's obligation to cease collection activities, rather than a declaration that the power of attorney was irrevocable. As the Bankruptcy Court noted, AY's request for relief involves a purely contractual dispute.

AY timely filed this appeal.

## ISSUE ON APPEAL

On appeal, AY argues that the Bankruptcy Court erred in denying its request for injunctive and declaratory relief.

---

[1] AY filed the first adversary proceeding on May 22, 2017 and the second on June 6, 2017 (after receiving the revocation document). The Bankruptcy Court consolidated AY's two adversary proceedings into the present action on July 31, 2017.

*STANDARD OF REVIEW*

We review the Bankruptcy Court's conclusions of law *de novo*. *Mello v. Wojciechowski* (*In re Wojciechowski*), 568 B.R. 682, 684 (B.A.P. 8th Cir. 2017). Here, as stated above, there is no dispute as to the material facts of the case. Further, there was no appeal of the portion of the decision determining that the debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(4). Thus, the only issue for review is the legal determination that AY was not entitled to injunctive or declaratory relief.

*DISCUSSION*

Before reaching the issue of whether the Bankruptcy Court's conclusions of law were correct, we have an independent obligation to examine our jurisdiction and that of the Bankruptcy Court.[2] *McDougall v. Ag. Country Farm Credit Servs.* (*In re McDougall*), 587 B.R. 87, 88–89 (B.A.P. 8th Cir. 2018).

*Bankruptcy Court Jurisdiction*

Bankruptcy courts have subject matter jurisdiction over civil proceedings "arising under title 11, or arising in or related to cases under title 11." *In re McDougall*, 587 B.R. at 90 (quoting 28 U.S.C. § 1334(b)) (citing 28 U.S.C. § 157(a)). Such proceedings are either core proceedings or non-core, related to proceedings. *Id*.

A core proceeding is one that *arises under* title 11 or *arises in* a case under title 11 and involves rights established by federal bankruptcy law. 28 U.S.C. §

---

[2] We note that parties to a civil proceeding cannot consent to or acquiesce to federal subject matter jurisdiction. *See Faricy Law Firm, P.A. v. A.P.I., Inc. Asbestos Settlement Tr.* (*In re A.P.I., Inc.*), 537 B.R. 902, 909 (Bankr. D. Minn. 2015). This is because federal courts' limited jurisdiction is creature of statute—a federal court either has jurisdiction under a statute or not. *Holmes v. Deutsche Bank Nat'l Tr. Co.* (*In re Holmes*), 387 B.R. 591, 597 (Bankr. D. Minn. 2008).

157(b)(1); *In re McDougall*, 587 B.R. at 90 (citing *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995)). Claims that *arise under* title 11 involve causes of action created or determined by a statutory provision of title 11. *In re McDougall*, 587 B.R. at 90 (citation omitted). Claims that *arise in* title 11 "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* (citation omitted).

AY's claim for injunctive and declaratory relief is not a core proceeding. It does not "arise under" title 11 as it does not "involve a cause of action created or determined by a statutory provision of title 11." *In re McDougall*, 587 B.R. at 90 (citation omitted). Nor does it "arise in" title 11, as AY's claim against Debtor can arise outside the context of a bankruptcy proceeding. *Id.* (citation omitted). Rather, AY's claim seeking injunctive and declaratory relief for an alleged breach of contract is based on state law.

A non-core, "related to" proceeding over which the Bankruptcy Court has jurisdiction, is one which has some effect on the administration of bankruptcy estate, but does not invoke a substantive right created by bankruptcy law; it could exist outside of a bankruptcy case. *Sears v. Sears* (*In re AFY, Inc.*), 571 B.R. 825, 833 (B.A.P. 8th Cir. 2017). Although "related to" jurisdiction is broad, it has its limits and bankruptcy courts "have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Id.* at 91 (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995)).

In evaluating whether a proceeding is related to the bankruptcy case sufficient to confer subject matter jurisdiction, the Eighth Circuit uses a "conceivable effect" test to determine whether there is "related to" jurisdiction. Under this test, if the outcome of a civil proceeding could conceivably have any effect on the handling and administration of the bankruptcy estate, then there is related to jurisdiction. *In re McDougall*, 587 B.R. at 90–91 (citing *Dogpatch*

*Props., Inc. v. Dogpatch U.S.A., Inc.* (*In re Dogpatch U.S.A., Inc.*), 810 F.2d 782, 786 (8th Cir. 1987)).

Here, the outcome of AY's claim for injunctive and declaratory relief can have no conceivable effect on the Debtor or the bankruptcy estate. The relief for the contract claim only affects AY. Further, the claim involves distributions from two spendthrift trusts, which are not property of the estate. Thus, the Bankruptcy Court had no related to jurisdiction.

We conclude, therefore, that the contract claims for injunctive and declaratory relief were neither core proceedings nor non-core related to proceedings. Thus the Bankruptcy Court lacked jurisdiction to hear AY's claim for injunctive and declaratory relief.

*Appellate Jurisdiction*

Next, we must determine whether we as an appellate court have subject matter jurisdiction. When a lower federal court lacks jurisdiction, a court of appeals has jurisdiction not on the merits, but for purposes of correcting the lower court's error in entertaining a suit or claim. *In re AFY*, 734 F.3d at 816 (citing *Steel Co.*, 523 U.S. at 95). Thus, we may not consider the merits of a matter for which there would not have been jurisdiction in the Bankruptcy Court. *See id.* at 91. We do have jurisdiction, however, to correct the Bankruptcy Court's error in entertaining AY's claim for injunctive and declaratory relief.

Here, because the Bankruptcy Court lacked subject matter jurisdiction, we, as an appellate court, have no jurisdiction over the merits of this appeal. However, we correct the Bankruptcy Court's error by vacating that portion of the Bankruptcy Court's decision concerning the injunctive and declaratory relief.

*CONCLUSION*

We vacate the Bankruptcy Court's ruling as to AY's claim for injunctive and declaratory relief and remand with instructions to dismiss the same.

_____